# WHEELING.

## State of West Virginia *v.* Pendergast.

Submitted June 19, 1882—Decided July 8, 1882.

In an indictment under the provisions of sec. 1 chap. 107 Acts of 1877 for selling spirituous liquors, wine, &c., it is not necessary to aver the name of the person, to whom the liquor was sold.

Writ of error to a judgment of the circuit court of the county of Wetzel, rendered on the 1st day of June, 1881, in a suit in said court then pending, wherein the State of West Virginia was plaintiff, and Michael Pendergast was defendant; allowed upon the petition of the State.

Hon. T. J. Stealey, judge of the fourth judicial circuit, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the Court.

*Attorney-General Watts* for plaintiff in error cited the following authorities: 5 W. Va. 522; 8 W. Va. 708; *Id.* 680; 15 Vt. 290; 17 Wend. 475; 2 Va. Cas. 26; 24 Pick. 374; 5 Halst. 293; 7 Dana. 218; 7 Humph. 158; 17 Ill. 158; 16 Ark. 506; 1 Gratt. 553; 5 Leigh 724.

No appearance for defendant in error.

Snyder, Judge, announced the opinion of the Court:

On the 18th day of May, 1881, the grand jury of Wetzel county found an indictment against Michael Pendergast under the provisions of section 1 chapter 107, Acts of 1877. The indictment charges, "that Michael Pendergast on the —— day of ————, A. D. 1881 at the Milo House, at his residence in the town of Littleton in the said county did unlawfully sell at retail, spirituous liquors, wine, porter, ale, beer and drink of a like nature, without a State-license therefor, against the peace and dignity of the State." The record shows, that this indictment was properly endorsed and the finding noted on the order-book of the court. On June 1 1881, the defendant appeared by his attorney and "moved the court to quash said indictment, which motion, after the argument of counsel, was sustained," and the indictment quashed.

The State, on her petition, obtained from this Court a writ of error to said judgment.

The defendant in error has not appeared in this Court or furnished any brief; nor is it shown by the record, upon what ground the indictment was quashed. The Attorney-General has furnished a brief for the plaintiff in error, in which it is assumed, that the ground for quashing the indictment was, that it did not aver the name of the person, to whom the liquor was sold. A careful examination of the record fails to disclose any other ground for the action of the court; consequently the only question to be decided is, whether in this indictment it is essential, that the name of the person to whom the sale was made should be averred.

It is unnecessary to consider this question on principle or upon the authorities of other States, as it has been expressly decided in Virginia, that it is not necessary in indictments for retailing ardent spirits without license to aver the name of the person, to whom the sale was made. *Halstead's Case,* 5 Leigh 724; *Davis's Case,* 2 Va. Cas. 26.

We regard these decisions conclusive of this case. Consequently, the circuit court of Wetzel county erred in sustaining the defendant's motion to quash said indictment. It is therefore considered, that said judgment be reversed; that said motion be overruled; and that this case be remanded to said circuit court for further proceedings to be there had according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    CASE REMANDED.