# WHEELING.

## STATE OF WEST VIRGINIA v. COX.

Submitted September 15, 1883—Decided December 20, 1883

1. By section 4 of chapter 107 of the Acts of the Legislature of 1877 it is clearly manifested, that the legislative intent was to prohibit a druggist, unless he had the license mentioned in the first section, from selling spirituous liquors, wine, &c., except only in case he sold alcohol in good faith for medicinal purposes, or alcohol or other spirituous liquors, or wine upon the written prescription of a practicing physician, which prescription must have all the requisites prescribed in said section. (p. 799.)

2. A person although a druggist may be convicted on an indictment found under the first section, unless he can show, that as such druggist he had complied with all the requirements as to the sale of spirituous liquors, &c., provided by the fourth section; but if convicted on such indictment, only the penalty prescribed for a sale without a State-license could be inflicted, and not the heavier penalty prescribed for the unlawful sale by a druggist as such. (p. 800.)

The opinion of the Court contains a statement of the facts of the case:

*Attorney-General Watts* for the State.

*Ewing, Melvin & Riley* for defendant in error.

JOHNSON, PRESIDENT:

At the November term, 1879, of the circuit court of Tyler county, Daniel W. Cox was indicted for unlawfully retailing spirituous liquors, &c. On the 18th day of May, 1880, the defendant pleaded "not guilty," on which plea issue was joined. On the 27th day of August, 1881, the issue was tried before a jury, and a verdict of "not guilty" rendered. Upon the trial of the case the court at the instance of the defendant gave the jury the following instruction: "The jury is instructed, that the defendant is not indicted as a druggist, but simply for retailing without a State-license. Therefore if the jury believe from the evidence, that the defendant made the sale in good faith as a druggist, they should find

him not guilty, although he may not have sold upon the prescription of a physician. If however the jury believe from the evidence that the defendant did not sell the liquor in good faith as a druggist, and to be used for medicine, but that he sold the same to be drank as a beverage, they should find him guilty, and fix his fine at not less than ten dollars, nor more than one hundred dollars." To this instruction the State objected, which objection was overruled, and the instruction was given, and the State excepted. The bill of exceptions, which certifies all the evidence, shows that the instruction was relevant.

· It appears from the evidence that one Moore bought of the defendant at his drug-store in Sistersville in said county, and paid him therefor, two wine glasses full of something of an intoxicating nature, which actually intoxicated said Moore. That Moore did not represent that he was sick, nor did he have the prescription of a physician. The defendant by his own evidence shows that he was a duly licensed druggist at the time of said sale; that he sold to said Moore a preparation composed of tincture of gentian, tincture of quassia, and whisky about one third each in quantity; "that he sold said mixture to said Moore in good faith as a druggist for medicine, having been led to believe said Moore wanted it for that purpose."

The Attorney-General and counsel for defendant in error, concede that this indictment is under and governed by chapter 107 of the Acts of 1877. The first section of said chapter provides that "no person shall, without a State-license therefor" * * * "sell, offer or expose for sale, spirituous liquors, wine, porter ale or beer, or any drink of a like nature." Section three provides the penalty for the violation of this statute, by declaring that such person shall "except where it is otherwise provided herein for every such offence, forfeit not less than ten, nor more than one hundred dollars." Section four among other things provides: "This chapter shall not be construed to" * * "prohibit a druggist from selling without license spirituous liquors or wine, in good faith for medicinal purposes, or alcohol for medicinal or mechanical purposes." * * * "If any druggist shall sell spirituous liquors or wine, unless for medicinal purposes, or

alcohol, unless for medicinal or mechanical purposes, he shall for each and every offence be fined not less than twenty nor more than one hundred dollars; and it shall be the special duty of the circuit court to give this provision in charge to the grand juries of their respective courts. And in any prosecution against a druggist for selling alcohol, spirituous liquors or wine, without a license therefor, if the sale be proved, it shall be presumed that the sale was unlawful in the absence of satisfactory proof to the contrary. No sale of alcohol, except for mechanical purposes, spirituous liquors or wine, shall be made by any druggist under the provisions of this section, except upon a written prescription of a practicing physician in good standing in his profession, and not of intemperate habits, specifying the name of the person and the kind and quantity of such liquors to be furnished him, and stating that such liquors so prescribed are absolutely necessary as a medicine and not as a beverage for such person."

It is clearly manifest, that the legislative intent was to prohibit a druggist, unless he had the license mentioned in the *first* section of the chapter, from selling spirituous liquors, wine, &c., except only in case he sold alcohol in good faith for mechanical purposes, or alcohol or other spirituous liquors or wine, upon the written prescription of a practicing physician, which prescription must have had all the requisites prescribed in said fourth section. The phrases "spirituous liquors or wine in good faith for medicinal purposes," "or alcohol for medicinal or mechanical purposes," used in the first part of the section, are clearly limited and modified by another part of the section which declares that spirituous liquors and wine cannot be sold by a druggist except upon the written prescription of a physician. If a druggist would shield himself from an offence under the first section, he is bound either to show that he possesses a State-license to sell spirituous liquors, &c., or that he is a druggist and sold the liquor upon the written prescription of a practicing physician. This, the instruction informed the jury, he was not compelled to do under that indictment. The jury was instructed that under an indictment under the first section of the chapter, it was sufficient that the defendant was a drug-

gist and sold the spirituous liquor in good faith, and he was not bound to show that it was sold on the prescription of a practicing physician. This instruction was in clear violation of the statute. ˙ 20 W. Va. 674.

It is insisted that, the indictment of a druggist under the first section in the ordinary form is unconstitutional, as the accused is not fully and plainly informed of the character and cause of the accusation. The form of indictment both in Virginia and this State has been so long approved, that it is too late now to declare it invalid. *State* v. *Pendergast,* 20 W. Va. 672. If the seller of spirituous liquor is indicted under the first section, he may defend himself by showing he is a druggist and sold the liquor as such, and fully complied with the law relating to the sale of liquor by druggists; and if he fails in his defense, he can only be convicted under the first section; and the greater penalty, provided by the fourth section cannot be imposed on him. But if he was indicted under the fourth section unless he could defend himself successfully by showing, .that he had complied with all the requirements of that section in relation to the sale of spirituous liquor, &c., then he would be liable to the heavier penalty provided by said section. If the defendant is a druggist and sells spirituous liquors, &c., in violation of the *fourth* section, he is guilty of the offence charged under the first section, and more, and the State may elect to indict him under the first section. A person may have committed an assault with intent to kill; he is guilty of a nassault and battery, and more than that, yet the State may indict and convict him of a misdemeanor waiving the charge of felony.

The judgment of the circuit court of Tyler county is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

REVERSED.   REMANDED.