No. 13,981.

COOPER, AUDITOR, *v.* THE STATE, EX REL. BAILEY.

TOWNSHIP TRUSTEE.— *Vacancy in Office of.*— *Power to Fill.*— *County Commis·
sioners.*— *Repeal of Statute.*—The act of February 15th, 1859 (Acts of 1859,
p. 220), vesting in the board of county commissioners the power to fill
vacancies occurring in the office of township trustee during a regular
session of the board, has not been repealed.

From the Clinton Circuit Court.

*S. H. Doyal, P. W. Gard, H. C. Sheridan* and *J. W. Mer-
ritt,* for appellant.

*F. F. Moore,* for appellee.

ELLIOTT, J.—The office of trustee of Perry township, in
Clinton county, became vacant by the resignation of David
Griffith, on the 10th day of June, 1887. At that time the
board of commissioners of Clinton county was holding the
regular June session, and continued in session until after the
appointment of the relator, Bailey, to fill the vacancy which
was made on the 11th day of the month. On the same day,
the auditor of the county appointed William H. Clift to fill
the same vacancy which the commissioners had appointed
Bailey to fill.

The question in the case is, in what officer or officers is
lodged the power to fill vacancies in the office of township
trustee occurring during a. regular session of the board of
commissioners?

Section 9 of the act of February 18th, 1859, Acts 1859,
220, provides that "All vacancies in the office of township
trustee shall be filled by the board doing county business in
term time, or by the auditor in vacation."

An act approved March 6th, 1865, entitled "An act to
provide for a general system of common schools, the officers
thereof, and their respective powers and duties, and matters
properly connected therewith, and prescribing the fees of

certain officers therein named, and for the establishment and regulation of township libraries, and to repeal all laws inconsistent therewith, providing penalties therein prescribed," contains, in the sixth section, the following provision: "And in case of a vacancy in the office of trustee, the county auditor shall appoint a person to fill the same, who shall take an oath and give bond as required in the last preceding section." Acts 1865, p. 3.

Section 5, to which reference is made, provides that "The common council of each incorporated city, and the board of trustees of each incorporated town of this State, shall, at their first regular meeting in the month of April in the present year, and biennially thereafter, elect three school trustees."

The act of March 12th, 1875, provides that vacancies in the office of school trustees so elected shall be filled by the common council of cities and the board of trustees of incorporated towns. Acts 1875, p. 135.

The authority of the auditor conferred by the act of 1865 to appoint such trustees is thus taken away by the act of 1875. This, however, only applies to trustees elected by the officers of a town or city, so that if the act of 1865 gave the auditor authority to appoint a township trustee, that authority exists, notwithstanding the later act.

There is much confusion and obscurity in the statutes, but, taking them all into consideration, we think it must be held that the act of 1859, vesting the power of appointing a township trustee in the board of commissioners, has not been repealed. It seems to us that the Legislature, in enacting the sixth section of the act of 1865, had in mind school trustees elected by the officers of towns and cities, and not a trustee elected by the voters of a township. It is apparent from the title and scope of the act that the Legislature intended to make provision for electing and filling vacancies in the office of school trustees, and not in the office of township trustees, who are school trustees only by virtue of their office.

A difference has been recognized between school and civil townships for many years, and a township trustee elected by the people is primarily the trustee of the civil township, and is only *ex officio* school trustee. We think the fair inference is that the Legislature had this distinction in mind, and intended to vest the auditor with a general power of appointing only in cases where the trustee was elected by a town or city, and that there was no intention to change the rule governing the filling of vacancies in the office of trustee of a civil township.

If section six of the act of 1865 should be construed as authorizing the county auditor to appoint a township trustee, it would be very difficult, if not impossible, to sustain it, for to so construe it would, it seems to us, bring it into conflict with the Constitution. There is nothing in the title of the act referring to the election of township officers, or to the filling of vacancies in such offices. The subject of vacancies in the office of township trustee is entirely distinct from the subject of the act, so that the act would really embrace two subjects if the appellant's construction is correct, and as the title only embraces school affairs and matters therewith connected, the subject of vacancies in the office of township trustee is not embraced by it. We have no doubt, that so far as the act defines the liabilities and duties of a township trustee, in connection with school affairs, it is valid; but we very gravely doubt whether a provision assuming to prescribe a method of filling vacancies in the office of township trustee would be valid. Certainly, a clause incorporated in such an act as that of 1865, providing for the election of a township trustee, would not be valid, and it is not easy to perceive the difference between an election and an appointment to fill a vacancy. But we need not decide the constitutional question, for we think that, taking into consideration all the statutes on the subject, and keeping in view the object to be accomplished, it must be held that the act of 1859 is still in

force, so far as the questions presented by this record are involved.

Judgment affirmed.

Filed Jan. 17, 1888.