# CHARLESTOWN.

## STATE *v.* TETRICK.

Submitted September 6, 1890.—Decided September 12, 1890.

SPIRITUOUS LIQUORS—DRUGGIST—PRESCRIPTION.

Under our statute (section 6, c. 32, Code 1887) which declares that a prescription to authorize a druggist to sell spirituous liquors must specify that the liquors are absolutely necessary, it is *held* that a prescription which omits the word "absolutely" is insufficient.

*Attorney General Alfred Caldwell* for plaintiff in error.

No appearance for defendant in error.

SNYDER, PRESIDENT :

At the March term, 1890, of the Circuit Court of Marion county, J. M. Tetrick was indicted for a violation of the revenue laws. The case was tried by a jury on the issue of not guilty, and a verdict and judgment were rendered for the defendant. The State obtained this writ of error. The indictment is under section 5, c. 32, Code 1887, and charges that the defendant was a druggist, and as such druggist, at his drug-store in the town of Mannington in said county, did then and there unlawfully sell spirituous liquors, *etc.* The State proved that the defendant

was a licensed druggist, and also that, during the year next prior to March, 1890, one A. L. Pritchard, had at different times purchased whisky from the defendant in quantities of pints, half-pints, and four ounces. The defendant then proved by his clerk that he had never, during said year, sold any whisky or spirituous liquors to said Pritchard, except upon three written prescriptions, which were then and there produced and offered in evidence. The State objected to the admission of these prescriptions as evidence, but the court overruled said objection, and the prescriptions were read to the jury, and the State excepted. All these prescriptions, except as to the date and the name of the physician, are identical, and read as follows: "Take to J. M. Tetrick, druggist and pharmacist, Mannington, W. Va. For A. L. Pritchard. R. Spts. Frumenti. Oz. The spirits so prescribed is necessary as a medicine, and not to be used as a beverage. Oct. 12, 1889. T. M. Calvert, M. D."

The only question before this Court is: Did the court err in admitting said prescriptions in evidence? The statute (section 6, c. 32) provides that no sale of spirituous liquors or wine shall be made by any druggist, "except upon the written prescription of a practicing physician, * * * specifying the name of the person, and the kind and quantity of liquors to be furnished him, and stating that such liquors, so prescribed, are absolutely necessary as a medicine for such person, and are not to be used as a beverage." These prescriptions, it will be observed, do not definitely specify either the quantity of liquor, or the person for whom it is necessary as a medicine. But, waiving this defect, it entirely omits the word "absolutely," and instead of stating, as the statute requires, that the liquor is absolutely necessary, it simply says that it is necessary as a medicine.

In *State* v. *Cox*, 23 W. Va. 797, this Court decided, under a statute similar to the one nuder consideration, that a druggist was prohibited from selling spirituous liquors except upon a written prescription, and that such prescription "must have all the requisites prescribed in the statute." While, in a general sense, it may be said that the word "necessary," like the word "perfect," implies the superlative degree, and that, therefore, when a thing is declared

to be necessary, it is essential, and *ex vi termini* implies all that would be expressed by the words "absolutely necessary," still, the word "absolutely" is not unfrequently used to emphasize the degree of necessity when it is intended to express an extreme case. This latter use is sanctioned by custom, and it can not be said to be either improper or meaningless. The spirit of our liquor legislation justifies the conclusion that it is only in extreme cases that the use of spirituous liquors was intended to be legally permitted. Besides, it is a canon of construction that effect must be given to every word used in the statute if that be possible. Consequently, the legislature having used the word "absolutely," and that word having the effect of intensifying the degree of necessity for the use of the liquor, as well as qualifying the degree of its use, we do not feel authorized in holding that a prescription omitting that word is a sufficient compliance with the statute. To do so would be to hold that the legislature had used a word that was not only without any significance, but that it had been employed without any purpose. We therefore hold that the court erred in admitting said three prescriptions, or either of them, in evidence to the jury. For this reason the judgment of the Circuit Court is reversed, the verdict of the jury set aside, and a new trial awarded.

REVERSED. REMANDED.