STATE *v.* BARNEY McMANUS.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed February 16, 1906.

*Forgery—Invalid Instruments—Liquor Prescriptions.*

A document which is invalid on its face cannot sustain a charge of forgery at common law.

Since § 22, No. 115, Acts 1904, authorizes licenses to sell intoxicating liquor for medicinal purposes, and § 24 provides that such licensees

28

shall sell· only on a written prescription of a legally qualified physician, which shall state, among other things, that it "is given and necessary for medicinal use," a prescription containing no statement that the liquor prescribed is necessary for medicinal use is invalid on its ´face and, therefore, the alteration thereof cannot constitute forgery at common law.

INDICTMENT for forgery. Heard on demurrer to the indictment at the September Term, 1905, Washington County, *Rowell,* J., presiding. Demurrer overruled, *pro forma,* and indictment adjudged· sufficient. The respondent excepted.

*Senter & Senter* for the respondent.

At common law, an intent to defraud is essential to constitute the crime of forgery. *State* v. *Redstrak,* 29 N. J. L. 365; *Rex* v. *Hodgson,* (Dears & B. 3) 5 Law Crim. Def. 7; *State* v. *Ward,* 7 Baxt. 776; *Barnum* v. *State,* 15 Ohio 717 (45 Am. Dec. 601); *Com.* v. *Mulholland,* 5 W. N. C. (Pa.) 208; *State* v. *Givens,* 5 Ala. 747; *People* v. *Tomlinson,* 35 Cal. 503; *Waterman* v. *The People,* 67 Ill. 91; *Rex* v. *Closs,* 5 Crim. Defs. 46; *Rex* v. *Smith,* 5 Law Crim. Defs. 17; *Brown* v. *The People,* 86 Ill. 239.

An information charging forgery at common law must allege that the intent and purpose of the respondent was to deceive and defraud, and must name the person intended to be defrauded, or if such person is unknown, then that fact must be stated. Bishop's Dir. & Forms, § 457; Bishop's New Crim. Law, § 4 w; Arch. Crim. Pr. and Pl. 1566 and note; Wharton's Crim. Law, § 743 a.

Where the instrument is invalid on its face it cannot be the subject of forgery. *People* v. *Shall,* 9 Cowen 778; 5 Law. Crim. Defs. 64-76; 2 Bish. New Crim. Law, § 538.

*S. Hollister Jackson,* State's Attorney, for the State.

MUNSON, J.    The information charges the respondent with committing the crime of forgery by altering a physician's prescription for whiskey. The alteration alleged is the change of one to four in the designation of the quantity. It is not claimed that the alteration of such an instrument is forgery under our statute. The question is whether the information is good at common law.

Section 22, No. 115, Acts of 1904, authorizes licenses to sell intoxicating liquors of any kind for medicinal purposes. Section 24 of the act provides that such licenses shall be issued only to retail druggists and apothecaries who are registered pharmacists; and provides further that the holder of such a license shall sell only upon the written prescription of a legally qualified physician, which shall state, among other things, that it "is given and is necessary for medicinal use."

The respondent urges that the instrument alleged to have been altered was so defective that its alteration would not be forgery. Of the several defects claimed we shall notice but one, as to which there is no room for argument. The prescription in question contains no statement that the liquor prescribed is necessary for medicinal use. It therein fails to comply with the statute in a very essential particular. The paper is invalid upon its face, and could not be relied upon as authority for a sale. This has been held in respect to similar provisions in other states. *State* v. *Titrick,* 34 W. Va. 137; *State v. Nixdorf,* 46 Mo. App. 494.

It has been long and uniformly held that a paper that is invalid on its face will not sustain a charge of forgery at common law. The writing must be such that if genuine it would be apparently of some legal efficacy. It is not to be presumed that any one could be deceived or defrauded by a document that is void on its face. 2 Bish New C. Law. § §

523, 524 (3), 538; *State* v. *Briggs,* 34 Vt. 501; *People* v. *Hall,* 9 Cow. 778.

*Pro forma judgment reversed, demurrer sustained, information quashed, and respondent discharged.*