# CHARLESTON.

## STATE v. WILLS.

Submitted December 17, 1913.   Decided January 13, 1914.

1. INTOXICATING LIQUORS—*Wrongful Sale—Druggists.*

   A druggist who makes a sale of intoxicating liquors not in compliance with the terms of the exception in his favor to the general prohibition against sales without a state license, may be prosecuted under the ordinary and general indictment for selling without a state license. (p. 447).

2. CRIMINAL LAW—*Wrongful Sale—Druggists—Punishment.*

   On such prosecution, however, if the evidence establishes that the accused at the time of the sale was a druggist and unlawfully sold as such, a finding to that effect should be returned and the penalty imposed for such special offense as prescribed by Code 1906, ch. 32, sec. 5, not the greater penalty prescribed by section 3 of that chapter for the ordinary offense of selling without a state license. (p. 448).

Error to Circuit Court, Kanawha County.

J. H. Wills was convicted of selling liquor without a state license, as a druggist, not on the prescription of a physician, and he brings error.

*Reversed and Remanded.*

*Wertz & Higginbotham,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for defendant in error.

ROBINSON, JUDGE:

Wills was indicted as an ordinary seller of intoxicating liquors without a state license. He pleaded not guilty; and, by agreement, the court heard the case in lieu of a jury. The trial was upon an agreed statement of facts. It was admitted that the accused had no state license for the sale of intoxicating liquors; that he sold one Dudding a pint of whiskey and received pay therefor; that at the time of the sale the accused was a licensed druggist; and that Dudding had no prescription of a physician for the whiskey which he purchased. The court adjudged the accused guilty, and sentenced him to fine and imprisonment. On this writ of error, he maintains that

he could not be prosecuted as an ordinary seller of intoxicating liquors without a state license, but that he could only be prosecuted as a druggist, as to whom a lighter penalty is prescribed for an unlawful sale than that prescribed for the ordinary seller without a state license.

A druggist is merely an excepted person under the general law prohibiting sales of intoxicating liquors without a state license. When he does not sell intoxicating liquors in the only way that the exception in his favor permits him to sell them, he is a violator of the general terms of the statute which says that no one without a state license shall sell them. When in making a sale a druggist does not comply with the restrictions of the exception in his favor, he is simply one selling without a state license. By the exception he may sell alcohol for mechanical or scientific purposes, or alcohol, spirituous liquors, wine, porter, ale, beer, and other intoxicating drinks for medicinal purposes on the prescription of a reputable physician. But if he sells any of them otherwise, unless he has a state license therefor, he brings himself within the general terms of the statute which prescribes that no person without a state license shall sell them. He may then be indicted and proceeded against just as any other person selling without a state license. It is not essential to name the accused in the indictment as a druggist and to proceed against him specially as such, though it is good practice to do so. By not complying with the terms of the exception in favor of druggists contained in the statute prohibiting sales without a state license, a druggist puts himself without that exception and within the general terms of that statute as far as the character of the offense is concerned. Therefore his offense of unlawful selling may be laid in an indictment just as the offense of unlawful selling is ordinarily laid as to any other person.

To a general indictment for selling intoxicating liquors without a state license, one may make complete defense by showing that when he sold he was a druggist and that he sold as the law permits a druggist to sell. He may acquit himself by bringing himself within the terms of the exception in favor of druggists. Under our statute law, as we have said, the right of a druggist to sell is merely an exception to the general prohibition against selling without a state license;

therefore the exception is a defense to prosecution under the statute generally.

But, for reasons as to which we need not inquire, the Legislature has seen fit to prescribe a lesser penalty for an unlawful sale of intoxicating liquors by a druggist than for such a sale by an ordinary seller. Code 1906, ch. 32, secs. 3 and 5. Formerly it was not so, but the reverse. *State* v. *Cox*, 23 W. Va. 797. Then a sale by a druggist was the higher offense; now it is the lesser. In the case just cited it was held that the higher offense of a sale by a druggist could be waived, and the druggist indicted, convicted, and sentenced as an ordinary seller. As the law now is, the lesser offense of a sale by a druggist is included in a charge of the greater offense of selling generally. So on a charge of the greater offense, the accused may be found guilty of the lesser and the special penalty prescribed by statute therefor be imposed on him. Yet certainly only the penalty for the lesser offense can be imposed. The Legislature, by way of further exception to the general prohibitory law, has distinctly said that if a druggist unlawfully sells intoxicating liquors, a penalty less than that generally prescribed for violations of that law shall be imposed on him. Therefore, though a druggist is charged with unlawful sale—a sale without a state license—by the ordinary and general indictment long upheld in this jurisdiction, he may at least defend himself in relation to the extent of the penalty, even if he can not wholly defend by showing that he sold as a druggist may lawfully sell. He may prove to the jury, or to the court when substituted for a jury, that at the time of the sale he was a druggist and that the sale without a state license was made by him as such, so that a finding that he is only guilty of unlawful selling as a druggist and the lighter sentence thereunto appertaining must necessarily follow.

Now, in the case at hand, on the trial before the court in lieu of a jury only an unlawful sale by a druggist was shown. The court could properly make no other finding. It should have so found and imposed the fine appertaining to an unlawful sale by a druggist. Instead it imposed fine and imprisonment as provided generally for selling without a state license, giving no regard to the exception prescribing a lesser penalty

for an unlawful sale made by a druggist. The imposition of fine and imprisonment was plainly error, since under the admitted facts of the case no finding warranting such sentence could properly be made.

For the error to which we have referred the judgment must be reversed and the case remanded with direction to the trial court to return a finding on the agreed facts that the accused is guilty of an unlawful sale by a druggist and to render such judgment for a fine within the scale fixed by Code 1906, ch. 32, sec. 5, as the court may deem meet.

*Reversed and Remanded.*