STATE EX REL. MINNIEAR *v.* ECKMAN.

[No. 26,077.   Filed November 2, 1933.]

*Otto H. Krieg* and *Samuel E. Cook,* for appellant.

*Claude Cline, Mart O'Malley,* and *Emmett O. King,* for appellee.

FANSLER, J.—An information in three paragraphs was filed by the appellant, alleging in substance that he was qualified to hold the office of township trustee of Salamonie township, Huntington county; that at the election on November 2, 1926, George E. Sale was elected trustee of said township, and thereafter qualified to hold the office; that on November 4, 1930, said Sale was re-elected as trustee of said township to succeed himself for the term beginning January 1, 1931, and that he duly qualified; that thereafter, on December 22, 1930, he died; that thus a vacancy was created for the remainder of his term ending December 31, 1930; that on December 24, 1930, the board of commissioners of said county was in adjourned session of the December term, and appointed the appellee as trustee to fill the unexpired term ending December 31, 1930. That he gave bond and qualified; that on December 31, 1930, the board of county commissioners, in what was designated as an adjourned session of the December term, 1930, appointed the appellee to fill the vacancy for the term beginning January 1, 1931; that on the same day the board of county commissioners made an order continuing the December term, 1930, from day to day

until January 5, 1931; that on January 2, 1931, the auditor of the county declared that a vacancy existed, and appointed the relator as trustee of said township for the term beginning January 1, 1931, and mailed to the Superintendent of Public Instruction of the state a notice thereof; that on the same day the board of county commissioners, in a session which it designated as a regular session of the December term, 1930, confirmed its action of December 31, 1930, and reappointed the appellee as trustee for the term beginning January 1, 1931; that the appellee took possession of the office and has since held it. The judgment sought is that the relator be adjudged entitled to such office and to the possession of all books, records, and property thereof, and for damages.

The first paragraph is upon the theory that the order of the board of commissioners appointing the appellee, made on December 31, 1930, was null and void because on that day there was no vacancy in the office, and that the order made on January 2, 1931, was null and void, for the reason that the board of county commissioners had no power to extend the December term past the end of the calendar month of December. The second paragraph differs from the first only in that it alleges that the board of county commissioners continued in session after December 24th solely for the purpose of making such trustee appointment. The third paragraph is upon the theory that the law of 1865 gave the auditor the right to appoint the trustee in the event of a vacancy, and that the board of commissioners has no power to appoint in any event.

Error is predicated upon the sustaining of demurrers to each paragraph of complaint.

The question presented by the third paragraph of complaint has been expressly decided contrary to appel-

lant's contention. *Cooper, Auditor* v. *State ex rel. Bailey* (1887), 113 Ind. 70, 14 N. E. 912.

It is conceded by the appellee that, since George E. Sale was elected and qualified for the term beginning January 1, 1931, a vacancy did not occur until the beginning of the term, and that the order of the board of commissioners entered on December 31, 1930, appointing the appellee to fill the term beginning January 1, 1931, was of no effect.

Section 12029, Burns 1926 (§16063, Baldwin's 1934), provides:

"All vacancies in the office of township trustee shall be filled by the board doing county business in term time, or by the auditor in vacation; and every trustee so appointed shall continue in office until his successor is elected and qualified."

Section 5911, Burns 1926 (§5221, Baldwin's 1934), provides:

"There shall be a regular session of the board of county commissioners, beginning on the first Monday of each calendar month, and continuing only so long as the necessary business of such session absolutely requires."

It is conceded by the appellant that the board has a right to adjourn from day to day during the term, but it is contended that the term may not extend beyond the last day of the calendar month in which it began, and that the board has no power or jurisdiction to meet upon, or adjourn its terms into, any day in any month prior to the first Monday thereof.

In *Kraus* v. *Lehman* (1907), 170 Ind. 408, 83 N. E. 714, this court held that the board may adjourn its meetings from time to time, and that the subsequent meetings are a part of the regular session, and that "as to whether the necessary business before the board required the continuance of the term until the close of the month was a question for the determination of the board."

Appellant contends that the word "month" as used in the quotation and in some of the other decisions, means the calendar month in which the session began; in the instant case, the month of December. There is nothing in the statute that would indicate an intention to limit the session of the board to the month in which it began. The statute indicates only the day of the beginning of the term. Prior statutes fixed a certain day beyond which sessions might not extend. Act of 1863, p. 32; Act of 1897, p. 182.

This limitation was expressly removed by the last enactment, and it is but reasonable to suppose that, if the Legislature had intended to place another limit short of the day of the beginning of the following term, it would have so expressly provided.

The term "calendar month" is defined as "the time from any day of such a month to the corresponding day (if any; if not, to the last day) of the next month." Webster's New International Dictionary.

It is alleged that, notwithstanding the board had made an order continuing its session until the day upon which the appointment was made, the "necessary business of such session" did not "absolutely require" a meeting upon that day. It is contended that, since the demurrer admits the truth of the allegations of the complaint in this respect, there was no jurisdiction in the board to meet upon the day of the appointment, and, hence, no jurisdiction in the board to make the appointment.

The word "necessary" has great flexibility of meaning. It has been used to express mere convenience, or reasonable convenience, and it frequently expresses no more than that the thing is convenient or useful. *Alabama & Vicksburg Ry. Co.* v. *Odeneal* (1895), 73 Miss. 34, 19 So. 202; St. Louis, etc., R. R.

*Co.* v. *Trustees, etc.* (1867), 43 Ill. 303; *McCulloch* v. *Maryland* (1819), 4 Wheat. (U. S.) 315, 413.

The word "absolutely" adds nothing to the word "requires" except emphasis. *State* v. *Tetrick* (1890), 34 W. Va. 137, 11 S. E. 1002.

The word "requires" is definite, and prefixing the words "absolutely" or "positively" gives it no new meaning and adds nothing more than would be indicated by a positive tone of voice in speaking the word.

If there is business to be done, it requires attention. No business transacted by a board of county commissioners is "necessary business" in the sense that it might not be dispensed with. If the court house should be destroyed the county might survive without it, and thus the transaction of the business of arranging for a new court house would not be "absolutely" required, but, if the county is to function as intended by the statutes, it is necessary that the commissioners perform the duties and transact the business contemplated by law, and a proper functioning of the public business "absolutely requires" that the business be pursued diligently and dispatched promptly.

Whether the board has business to transact at any given time, is a question which involves the exercise of judgment and discretion, and concerning which there is a vast field for difference of opinion. We take judicial knowledge of the numerous projects that come within the scope of the statutory jurisdiction of the board of commissioners, and that the county is a going concern and that its business is continuing. An efficient management of that business may require conferences and consideration of activities in contemplation or in process of consummation. Courts and judges might not agree with members of a board as to the advisability or necessity of transacting certain business at a certain time in any

given instance, or as to whether it was absolutely required, and yet the commissioners might be exercising the better business judgment. The commissioners are elected and clothed with authority to determine these very matters. The courts must not interfere with their exercise of discretion; and it follows that the question of whether there is necessary business to be transacted upon any given day, is a question for the determination of the board, and if it shall have determined that there is business to transact, and adjourns its session until a given day for the purpose of transacting business, then at any meeting upon such day the board must be considered as doing business in term time.

The statute contemplates that vacancies in the office of trustee be filled, primarily, by the board of commissioners. The statute was enacted in 1859 when means of transportation and communication were so limited that special meetings might not be had upon short notice. The sessions were limited to a few days. These facts, no doubt, account for the provision for appointment by the auditor when the board of commissioners was in vacation.

As has been pointed out, the duration of the meetings of the board has been extended from time to time. Modern methods of transportation and communication have made the county seat more accessible to the members.

The last session of the Legislature amended the section of the statute in question so as to provide that, in case of a vacancy in the office of a township trustee, it shall be the duty of the auditor to call a special session of the board for the purpose of filling the vacancy. Acts of 1933, p. 799.

The statutes indicate a legislative intention that the board of county commissioners shall have the prefer-

ence in appointive power, and we find no good purpose that can be served by an over strict or highly technical investigation of the regularity of the session in which the appointment is made with a view to defeating the power.

Judgment affirmed.