# WHEELING.

## STATE v. HALL.

Submitted June 9, 1885.—Decided July 3, 1885.

1. An indictment, which charges an offence in the language of the statute, will not be held bad because it contains surplus matter. (p. 237.)

2. A new trial for errors committed during the former trial can only be had after motion made in the trial-court and overruled, as this Court will not *ex mero motu* grant a new trial. (p. 238.)

The opinion of the Court sets out the facts of the case.

*J. W. McCoy* for plaintiff in error.

*Alfred Caldwell*, Attorney General, for State.

JOHNSON, PRESIDENT:

The following indictment was at the March term, 1884, of the circuit court of Marion county found against the defendant:

"The jurors of the State of West Virginia, in and for the body of the county of Marion, and now attending the circuit court of said county upon their oaths present, that one Will H. Hall, on the —— day of February, 1884, in said county of Marion, did unlawfully sell, offer and expose for sale, at retail, spirituous liquors, wine, porter, ale, beer, and drinks of a like nature to one W. B. Thorn, without a license to do so as required by law, and without having obtained from the county court of said county, or other tribunal therein acting in lieu of the county court, a certificate that said Will H. Hall is not of intemperate habits as required by law and without having given bond as required by law, against the peace and dignity of the State."

The defendant moved to quash the indictment, which motion the court overruled. The defendant pleaded *not guilty*, on which issue was joined, and the case was on March 14, 1884, tried by a jury, and the defendant found guilty. *He did not move to set* aside the verdict, but filed a bill of exceptions to a certain instruction given to the jury, which bill also sets out all the evidence in the case. The court upon the verdict rendered judgment for a fine of $25.00 and costs. To this judgment the defendant obtained a writ of error.

The first error assigned is, that the court did not on defendant's motion quash the indictment. The conclusion of the indictment contains surplus matter; but that does not vitiate it. The indictment contains all that is necessary. (*State* v. *Pendergast*, 20 W. Va. 672.) The motion to quash was properly overruled. The only other assignment of error

is the giving of the instruction asked by the State. This assignment we can not consider, as no motion was made for a new trial; and the exception to the giving of the instruction will therefore in the appellate court be deemed to have been waived.

A new trial for error committed during the former trial can only be had after motion made in the trial-court and overruled; as this Court will not *ex mero motu* grant a new, trial. (*State, for use, &c.* v. *Phares*, 24 W. Va. 657; *Danks* v. *Rodeheaver, infra.*) And, as a motion for a new trial can be waived by any defendant, this principle applies as well to a criminal as a civil case. (*Sutphin's Case*, 22 W. Va. 771.)

The judgment of the circuit court is affirmed.

AFFIRMED.