ADAMS *v.* STATE

Opinion delivered June 12, 1897.

UNLAWFUL SALE OF LIQUOR—VARIANCE.—Under an indictment charging the clandestine sale of liquor in a certain house owned by defendant, in violation of the "Blind Tiger" act (Sand. & H. Dig., § 4881), proof of a sale at another place is a fatal variance.

Appeal from Clay Circuit Court, Eastern District.

FELIX G. TAYLOR, Judge.

*L. Hunter,* for appellant.

There is no evidence to sustain the verdict. It failed to show that appellant owned, controlled, or used the house in which it was alleged the liquor was sold. Proof of a sale at another house is not sufficient. 62 Ark. 459.

*E. B. Kinsworthy,* attorney general, for appellee.

The evidence is sufficient under sections 4881 and 4882, Sand. & H. Dig.

RIDDICK, J. The statute upon which the prosecution in this case is based was enacted to prevent the clandestine sale of intoxicating liquors, and is directed against persons owning and controlling houses in which such liquors are kept for sale. It makes it a misdemeanor for any person owning, using, or controlling any house or tenement to keep or allow to be kept therein for sale or to be given away any ardent, vinous, malt, or fermented liquors. Sand. & H. Dig., § 4881.

The indictment, following the statute, charges that the defendant, being the owner, user, and controller of a certain house, known as the "still-house," situated about one mile north of Greenway, in the Eastern district of Clay county, did then and there in said house sell and give away and keep and allow to be kept for sale and to be given away ardent, vinous, malt, fermented, and intoxicating liquor by a device known as a "blind tiger," etc. The offense in this case was of a local character. It was necessary under the statute to allege that the defendant was the owner,

user, or controller, of a house, and that liquors were kept therein. A description of the house in which the liquors were kept for sale is therefore descriptive of the offense, and material, and must be proved as alleged. *Bryant* v. *State*, 62 Ark. 459; *Jenks* v. *State*, 63 Ark. 312; *Com.* v. *Laverty*, 101 Mass. 207.

But there is in the record here no evidence showing or tending to show that intoxicating liquor of any kind was kept for sale or sold in the still-house described in the indictment. Proof of a sale at another place was not sufficient under this indictment. For this reason the judgment of the circuit court must be reversed, and a new trial ordered.

WOOD, J., absent.