# CHARLESTON.

## STATE v. MASSIE.

Submitted April 22, 1913.   Decided May 6, 1913.

1.  HIGHWAYS—*Obstruction—Criminal Prosecution—Indictment.*
     An indictment, under section 1515a80, Code Suppl. 1909, for
    obstructing a public road, which charges that defendant "did
    knowingly, wilfully and unlawfully obstruct a certain road and
    pass way, to-wit, the road and pass way leading from the land
    of S. A. Parker, in Jumping Branch District, adjoining the said
    W. J. Massie, over the lands of said Massie, where he now
    resides, in said district, to the public county road, leading from
    Jumping Branch to Flat Top, by then and there unlawfully
    locking a gate over and across said road and pass way and
    continuing the same from said time hitherto, in consequence
    of said unlawfully locking of said gate by the defendant, W. J.
    Massie, said road and pass way was rendered impassable for
    all the time aforesaid, said road and pass way being lawfully
    owned by and used by said A. S. Parker, at the time afore-
    said, against the peace and dignity of the State," omitting the
    words, "and to which road the public has the right of or is
    not denied the use," employed in section 1515a1, defining a
    public road, is bad on demurrer, the road so described being a
    private road not covered by the statute.   (p. 445).

2.  INDICTMENT AND INFORMATION—*Language of Statute—Descrip-
    tive Words—Surplusage.*
     Though as a general rule an indictment for a statutory of-
    fense is good if the offense be charged in the language of the
    statute, and the indictment in this case would have been good,
    if it had been confined to the language of said section 1515a80,
    nevertheless, as the prosecutor undertook to include therein
    descriptive matter showing the road alleged to have been ob-
    structed to be a private and not a public road, thereby effective-
    ly negativing the offense meant to be covered by the statute,
    and showing the prosecution not maintainable, the descriptive
    language cannot be rejected as surplusage on demurrer, and
    the indictment should be quashed.   (p. 446).

Error to Circuit Court, Summers County.

W. J. Massie was convicted of unlawfully obstructing a road,
and he brings error.

*Reversed and Entered Here.*

72 W. Va.

*R. F. Dunlap,* for plaintiff in error.

*A. A. Lilly,* Attorney General, for the State.

MILLER, JUDGE:

The indictment charges that defendant on the 15th day of February, 1911, in the County of Summers, "did knowingly, wilfully and unlawfully obstruct a certain road and pass way, to-wit, the road and pass way leading from the land of S. A. Parker, in Jumping Branch District, adjoining the said W. J. Massie, over the lands of said Massie, where he now resides, in said district, to the public county road, leading from Jumping Branch to Flat Top, by then and there unlawfully locking a gate over and across said road and pass way and continuing the same from said time hitherto, in consequence of said unlawfully locking of said gate by the defendant, W. J. Massie, said road and pass way was rendered impassable for all the time aforesaid, said road and pass way being lawfully owned by and used by said A. S. Parker, at the time aforesaid, against the peace and dignity of the State." The sole question presented is, does the indictment charge an offense under the statute, or should the demurrer or motion to quash have been sustained?

Prior to chapter 52, Acts 1909, sections 1515a1 and 1515a80, Code Suppl. 1909, we had held, in *State* v. *Dry Fork R. R. Co.,* 50 W. Va. 235, and *State* v. *C. & O. R. R. Co.,* 24 W. Va. 809, that "to sustain an indictment for obstructing a public road, it must be shown that the road is a public one, not merely a private road." Section 1515a80, on which the indictment in this case was found, provides: "Any person who shall * * * obstruct or injure any road * * * shall be guilty of a misdemeanor and upon conviction be fined not less than ten nor more than fifty dollars." Section 1515a1, defines public road as follows: "A public road, within the meaning of this chapter, includes any road leading from any other public road over one or more person's land to another .person's land and which has been established for the convenience of one or more residents, or land owners, or persons, or corporation owning or occupying or desiring to use or occupy lands which cannot be reached by any other public road and to which road the public has the right of or is not denied the use."

It is to be observed of course that section 1515a80, does not use the word "public road"; neither did section 45, chapter 43, Code 1899, involved in *State* v. *Dry Fork R. R. Co., supra.* Nevertheless, that case and prior cases said the road intended was a public road. Moreover, section 1515a1, uses the words, "which cannot be reached by any other *public road,*" implying that the road intended to be protected must itself be a *public road.*

But the question here is does the indictment describe a public road within the meaning of said section 1515a1? We think not. The road there described is charged to be lawfully owned and used by A. S. Parker, the prosecuting witness, and it is not charged, in the language of the statute or in equivalent words, to be a road "to which    *    *    *    the public has the right of or is not denied the use." The road described is plainly a private road. If, as the indictment alleges it is lawfully owned and used by Parker, presumably it is not a road which the public had the "right of or is not denied the use."

It is argued, however, and as the cases cited hold, that when an indictment for a statutory offense follows the language of the statute it is generally good. *Johnson* v. *Com.,* 24 Grat. 555; *Helfrick* v. *Com.,* 29 Grat. 844; *State* v. *Jones,* 53 W. Va. 613; *Smith* v. *Com.,* 85 Va. 924. And so in this case, if the public prosecutor had confined himself to the language of section 1515a80, charging defendant simply with obstructing a road, sufficiently locating it for the purposes of identification, that under the authorities would have been sufficient, and proof that the road was of the kind and description covered by section 1515a1, would have been admissible. *State* v. *Dry Fork R. R. Co., supra; State* v. *C. & O. R. R. Co., supra.* The word "road" as used in section 45, chapter 43, of the Code, in force at the time of those decisions was held to mean public road, and not to apply to a private road but to public roads only, and that the proof upon the trial must be that the road obstructed was in fact a public road.

But it is said the court may properly treat the additional words of description as surplusage, and as the evidence is not brought up, we must assume the proof sustained the indictment. This is a correct proposition if the words may properly be treated as surplusage. *State* v. *Hall,* 26 W. Va. 236; *State* v.

*Pendergast,* 20 W. Va. 672; *Boyle* v. *Com.,* 14 Grat. 674, Anno.
Mon. Note, 630.

But what words or matter of an indictment may be properly
treated as surplusage? In *State* v. *Hall,* the indictment, other-
wise good, was held not to be vitiated, because its conclusion
contained surplus matter not necessary to be proved. *State* v.
*Pendergast* is not much in point, though cited for the proposi-
tion in *State* v. *Hall.* The point presented here is rather a
nice one, but nevertheless vital, and should have proper consid-
eration. Joyce on Indict., section 263, says: "It is a general
rule that an indictment will not be vitiated by matter which is
*mere* surplusage and that such matter need not be proved."
But in section 267 he says: "The principle of law which per-
mits unnecessary and harmless allegations in an indictment to
be disregarded as surplusage, does not authorize the court to
garble the indictment, regardless of its general tenor and scope,
so as to entirely change the meaning. And while immaterial
averments may be rejected, there cannot be a rejection as sur-
plusage of an averment which is descriptive of the identity of
that which is legally essential to the claim or charge and this
includes those allegations which operate by way of description
or limitation on that which is material." See, also, same book,
section 421. Mr. Bishop, 2 Bishop's New Cr. Pro., section 482,
says: "Unnecessary matter, of a sort or so averred as to nega-
tive the offence meant, or otherwise to show the prosecution not
maintainable, cannot be rejected as surplusage." In 6 Com.
Dig. (Ed. 1825), chapter 29, page 61, it is said: "Surplusage
does not hurt." "Yet, if a man, by the allegation of a thing
not necessary, shows that he had no cause of action, this, though
surplusage, shall hurt; as, in assize, if the plaintiff makes a
title, which he need not, and the title is not good, the whole
shall abate." See, also, other illustrations there given. In
*Com.* v. *Atwood,* 11 Mass. 92, we find this: "We cannot reject
as surplusage, what may have been the ground of the convic-
tion." In *State* v. *Copp,* 15 N. H. 212, it is held, that a de-
scriptive averment must be laid as proved, and as applying to
the case then before the court, it is said: "In an indictment for
resisting a deputy sheriff in the discharge of his duty, an aver-
ment that the sheriff was 'legally appointed and duly qualified',
is descriptive, and must be proved." Again in *State* v. *Canney,*

19 *Id.* 135, the indictment alleged that the prisoner "broke and entered the store of one Merrill" and certain goods "in the shop aforesaid, then and there being, then and there in the shop aforesaid, feloniously did steal, take and carry away." It was held that the words "store" and "shop," as in section 9 of chapter 215, Revised Statutes, were not synonymous, that the word "shop" being descriptive of the place where the larceny was committed, could not be rejected as surplusage, and that the demurrer was well taken. In *Lewis* v. *State,* 113 Ind. 59, the indictment was under section 1750, R. S. 1881, for the larceny of money. The court held, that in such an indictment it was only necessary to describe the money stolen simply as money, but that if a particular description was given, it must be proved substantially as charged, or a verdict of conviction could not be sustained. In *Fulford* v. *Georgia,* 50 Ga. 593, the court considered the question, "when do averments which might have been omitted become material—or, at least, so enter into the indictment as framed that they cannot be stricken or rejected as surplusage?" The court answered the question in part, as follows: "Starkie on Evidence, volume 3, page 1539, says it is a most general rule that no allegation *which is descriptive of the identity of that which is legally essential to the claim or charge,* can ever be rejected; and on page 1542, same volumes, makes it more specific by restating the rule thus: 'The position that descriptive averments cannot be rejected, extends to all allegations which *operate by way of description or limitation* of that which is material.' Bishop says: 'If the indictment sets out the offense *as done in a particular way,* the proof must show it so, or there will be a variance. And where there is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other:' 1 Bishop's C. P., secs. 234, 235. If the prosecutor state the offense with unnecessary particularity, he will be bound by that statement, and must prove it as laid: *United States* v. *Brown,* 3 McLean R. 233; *Rex* v. *Dawlin,* 5 T. R. 311." The principles of these authorities are covered in the text in 22 Cyc. 370, with citation of other decisions in note.

The principles laid down in the text books and court decisions

referred to we think render the indictment in this case bad on demurrer, and in our opinion the demurrer and motion to quash should have been sustained. It may be said that the evidence showed the road to be a public road within the definition given in the statute; but assume that it did, was it admissible under the indictment, which clearly described a private road; was there not a fatal variance? We think so. Defendant was entitled on his trial to stand on the indictment and the offense charged as laid. Having charged the obstruction of a private way or road clearly the State was not entitled to prove the obstruction of a public road. The record in this case strongly evinces, what is probably the fact, that the controversy involved was one between neighbors over a purely private way or road, in which the public had no interest. Such cases have no place in the criminal courts.

We are of opinion for the reasons given to reverse the judgment and to enter such judgment here as we think the circuit court should have entered, quashing the indictment and discharging the prisoner from further prosecution.

*Reversed and Entered Here.*