## Richmond.

## KITCHEN V. COMMONWEALTH.

### March 30, 1922.

1. APPEAL AND ERROR—*New Trial—Verdict not Disturbed where Evidence is Conflicting.*—Where the facts which the jury were justified in finding from the evidence of the Commonwealth were sufficient to establish the commission of the alleged offense by the accused, although the accused denied every incriminating fact, the issue is determined by the verdict of the jury and will not be disturbed on appeal.

2. INSTRUCTIONS—*Repetition—Reasonable Doubt.*—The refusal of instructions for accused to the effect that the prisoner's guilt must be proved beyond a reasonable doubt is not error, where other instructions which emphasized with unnecessary repetition the same rule were given by the court.

3. INDICTMENT AND INFORMATION—*Misnomer—Amendment—Code of 1919, Sections 4875, 4878.*—Where the identity of the accused was never at any time questioned or doubted, the action of the trial court in permitting the attorney for the Commonwealth to change the name in the indictment from *R. A. Kitchen* to *Ira Kitchen,* is fully authorized by Code of 1919, sections 4875, 4878.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Affirmed.*

The opinion states the case.

*John G. Challice,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been found guilty of rape, and is here assigning four errors.

[1] 1. The facts which the jury were justified in finding from the evidence of the Commonwealth, are, that the crime was committed upon a female child under the age of fifteen years. The physical condition of the child, who was examined by a physician on the night of the occurrence, showed beyond peradventure that some one had committed the alleged offense, and her testimony that the prisoner ravished her is clear, positive and distinct. While the accused denied every incriminating fact, this issue was determined by the jury and will not be disturbed here; so that the motion to set aside the verdict as contrary to the law and the evidence was properly overruled.

[2] 2. Two other errors were assigned—one the refusal of the court to give two instructions offered by the defendant, and the other the giving of two instructions offered by the Commonwealth. It is unnecessary to say anything as to those which were refused, both of which were to the effect that the prisoner's guilt must be proved beyond a reasonable doubt, except that as the court gave six other instructions which emphasized with unnecessary repetition the same rule, the refusal to give these was justified. The prisoner objects to the giving of two of the instructions offered by the Commonwealth, but no reason is suggested in support of the assignment, except the assertion that there was no credible evidence of the crime. As to this, what we have already said as to the evidence is sufficient in our opinion to justify the instructions, as they fully safeguard every right of the accused.

[3] 3. The other error assigned is that during the progress of the trial the court permitted the attorney for the Commonwealth to change the name in the indictment from

R. A. Kitchen to Ira Kitchen. The identity of the accused was never at any time questioned or doubted, and the action of the court is fully authorized by Code 1919, sec. 4875, which among other things provides that no indictment shall be abated for any misnomer of the accused, but the court may, in case of misnomer, appearing before or in the course of a trial, forthwith cause the indictment or accusation to be amended according to the fact; and Code 1919, section 4878 provides for amending indictments, provided the amendment does not change the nature of the offense charged, with the right to the defendant to have a continuance of the case if the amendment operates as a surprise to him.

We find no reversible error.

*Affirmed.*