HILL v. STATE.

Opinion delivered March 14, 1932.

G. Roy Taylor, for appellant.

Hal L. Norwood, Attorney General and Robert F. Smith, Assistant, for appellee.

MEHAFFY, J. The appellant, Tom Hill, was indicted by the Crawford County Grand Jury, the first count in the indictment charging him with the crime of burglary, and it is alleged that the burglary was committed by breaking into and entering box car No. A. R. T. 21404 of the

Missouri Pacific Railway Company. The second count charged appellant with grand larceny.

He filed a demurrer·to the indictment which was overruled, and he was tried and convicted, and his punishment fixed at three years in the penitentiary. After the verdict, appellant filed a motion in arrest of judgment, which was overruled. He then filed a motion for new trial, which was also overruled. The case is here on appeal.

The motion in arrest of judgment and the motion for new trial alleged that the indictment was faulty; that it had been changed, amended and altered. The evidence showed that the original indictment charged appellant with breaking into car No. A. R. T. 41404, and that it was changed to A. R. T. 21404, and that the indictment was also amended by adding the words ''a corporation'' after the Missouri Pacific Railway Company. These changes were made by the prosecuting attorney after the indictment had been filed in court.

The evidence was sufficient to support the verdict of the jury, and the only question for our consideration is whether the change in the indictment by the prosecuting attorney rendered the indictment void.

The Attorney General argues that it was not necessary to allege the car number, and therefore changing it from 41404 to 21404 did not affect the substantial rights of the appellant, and that the change was immaterial.

It was not necessary to allege the car number, but, having alleged it, it becomes descriptive of the offense, and must be proved as charged. ''It has been held by this court that it is unnecessary, in an indictment of larceny for money, to describe it as money of the United States, but, having alleged that it was money of that kind, it must be proved as alleged. The same degree of certainty in the proof has been held to be necessary under indictments for embezzlement, for obtaining property under false pretenses, and for burglary.'' *Value* v. *State,* 84 Ark. 285; *Carleton* v. *State,* 129 Ark. 361;

*Bryant* v. *State,* 62 Ark. 459; *State* v. *Anderson,* 30 Ark. 131; *Shover* v. *State,* 10 Ark. 259; *Jenks* v. *State,* 63 Ark. 312; *Lee* v. *State,* 114 Ark. 310; *Adams* v. *State,* 64 Ark. 188.

In the last case mentioned, it was said: "A description of the house in which the liquors were kept for sale is therefore descriptive of the offense, and material, and must be proved as alleged."

This court has uniformly held that while not necessary to describe the house or the car by number, yet where it is alleged that the offense was committed by breaking and entering a certain described house or car, the description of the house or car is descriptive of the offense, and is material. Therefore, the car number, having been alleged in the indictment, was material, and cannot be changed by the prosecuting attorney or any other person.

The indictment, when filed in court, became a record, and could not be withdrawn for amendment or any other purpose.

"When the original indictment was returned into the court by the grand jury, and filed, it became a part of the records of that court, and thereafter could not be withdrawn for amendment or for any other purpose, either by the grand jury or the prosecuting attorney. If the indictment was supposed to be insufficient, either for uncertainty or for want of proper legal words, the proper practice was to enter a *nolle prosequi* and have the grand jury find a second indictment on the original evidence. But there is no such thing known to our law as the amendment of an indictment, although an error as to defendant's name will not vitiate the proceedings, and there are some formal defects which will be cured by verdict. In fact, there are constitutional objections to such amendments." *State* v. *Springer,* 43 Ark. 91.

Our Constitution provides: "No person shall be held to answer a criminal charge, unless on the presentment or indictment of a grand jury." Article 2, § 8, Constitution of Arkansas.

If the prosecuting attorney or any one else could change the indictment after it had been filed in court, it would no longer be the indictment presented by the grand jury, and no person could be held to answer a criminal charge under it after it had been changed.

In a note to 7 A. L. R. 1555, it is said: "The proposition that in the courts of the United States any part of the body of an indictment can be amended after it has been found and presented by a grand jury, either by order of the court or on the request of the prosecuting attorney, without being resubmitted to them for their approval, is one requiring serious consideration. Whatever judicial precedence there may have been for such action in other courts, we are at once confronted with the 5th of those articles of amendment, adopted early after the Constitution itself was formed, and which were manifestly intended mainly for the security of personal rights. This article begins its enumeration of these rights by declaring that no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury."

There are many cases cited in the above note, and among others attention is called to the case of *Henderson* v. *State,* 91 Ark. 224, 120 S. W. 966, in which this court held that, to secure a conviction, the proof in a prosecution or an indictment must correspond with the allegations of the indictment, since the indictment cannot be amended to conform to the proof.

After the indictment was changed it was no longer the indictment of the grand jury which presented it, and as said in Ex parte *Bain,* quoted from in the above note, in 7 A. L. R.: "Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney; for, if it be once held that changes can be made, by the consent or order of the court, in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer

to the indictment as thus changed, the restriction which the Constitution places upon the power of the court in regard to the prerequisites of an indictment in reality no longer exists."

The Wisconsin court said: "If the amendments were at all material, their allowance would be good cause for arresting the judgment. Indictments cannot be amended." *State* v. *McCarty,* 54 Am. Dec. 150; *Dickson* v. *State,* 20 Fla. 800; *Patrick* v. *People,* 24 N. E. 619; 14 R. C. L. 192.

The motion in arrest of judgment should have been granted.

The judgment is reversed, and the cause remanded with directions to quash the indictment.