State of West Virginia

*v.*

Joe Allen McGraw

(No. 10679)

Submitted January 18, 1955. Decided March 1, 1955.

548

*R. J. Thrift, Jr.,* for plaintiff in error.

*John G. Fox,* Attorney General, *Virginia Mae Brown,* Assistant Attorney General, for defendant in error.

HAYMOND, JUDGE:

At the September Term, 1953, of the Circuit Court of Fayette County, West Virginia, the defendant Joe Allen McGraw was indicted for a felony. The indictment charged the defendant with the offense of receiving from two named persons certain articles of personal property of specified values and $23.02 in currency of the United States, which was the property of Sam Brown and which the defendant knew and had reasonable cause to believe had been unlawfully and feloniously stolen.

During the term of court at which the indictment was returned the defendant appeared and entered his plea of not guilty and the trial of the case was set for January 18, 1954. When the case was called for trial on that day and before the selection of a jury the State, by the prosecuting attorney, moved the court for permission to amend the indictment by changing the name of Sam Brown to the name of George L. Brown. Over the objection of the defendant the court granted the motion and permitted the amendment in the form requested by the State. To the action of the court in so amending the indictment the defendant excepted. The defendant then moved that the trial of the case be continued on the ground that he was taken by surprise by reason of the amendment. The State objected to any continuance of the trial of the case, the court overruled the motion, and the defendant excepted to the action of the court in refusing a continuance.

Over the protest of the defendant the case was tried and the jury returned this verdict: "We, the jury, find the defendant, Joe Allen McGraw, guilty of grand larceny, as charged in the within indictment. H. C. Brown, Foreman." The court overruled a motion of the defendant to set aside the verdict and grant him a new trial and by final judgment entered March 10, 1954, sentenced the defendant to

be confined in the penitentiary of this State for a period of from one year to ten years. To this judgment this Court granted this writ of error upon the petition of the defendant.

The defendant assigns as error calling for reversal of the judgment the action of the circuit court in amending the indictment by inserting the name of George L. Brown in lieu of the name of Sam Brown as the owner of the stolen property and in denying the motion of the defendant for a continuance requested by him because of the amendment of the indictment.

The State contends that the insertion by the amendment of the name of George L. Brown in lieu of the name of Sam Brown as the owner of the stolen property was a matter of mere form or surplusage which did not vitiate the indictment and that the defendant was not entitled to a continuance of the trial of the case by reason of the amendment.

Section 18, Article 3, Chapter 61, Code, 1931, deals with the crime of which the defendant was convicted. That section provides that if any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of larceny and may be prosecuted although the principal offender be not convicted.

The essential elements of the offense created by the foregoing statute are: (1) The property must have been previously stolen by some person other than the defendant; (2) the accused must have bought or received the property from another person or must have aided in concealing it; (3) he must have known, or had reason to believe, when he bought or received or aided in concealing the property, that it had been stolen; and (4) he must have bought or received or aided in concealing the property with a dishonest purpose. See *State v. Lewis,* 117 W. Va. 670, 187 S. E. 315, 187 S. E. 728, 188 S. E. 473; *State v. Smith,*

98 W. Va. 185, 126 S. E. 703; *State* v. *Goldstrohm,* 84 W. Va. 129, 99 S. E. 248; *State* v. *Dushman,* 79 W. Va. 747, 91 S. E. 809.

The crime of larceny and the crime of buying or receiving or aiding in concealing stolen goods by a person knowing or having reason to believe that they have been stolen are separate and distinct offenses. An indictment for larceny must state the name of the owner of the stolen property or that it is the property of some unknown person or persons; but the crime of buying or receiving, or aiding in concealing, stolen property by a person knowing or having reason to believe that the property has been stolen is based upon a prior commission of the crime of larceny and presupposes but does not include larceny. For this reason the elements of the crime of larceny are not the elements of the crime of buying or receiving, or aiding in concealing, stolen property by a person who knows or has reason to believe that it has been stolen. See *State* v. *Brady,* 237 N. C. 675, 75 S. E. 2d 791.

Under the foregoing authorities it was not necessary to set forth in the indictment in the form in which it was found and returned by the grand jury, or as amended, the name of the owner of the numerous articles of personal property and the amount of money alleged to have been stolen; and if the indictment, in either its original or its amended form, had omitted the name of the owner of the stolen property the omission of his name would have been a mere matter of form which, under Section 10, Article 2, Chapter 62, Code, 1931, would not have rendered the indictment invalid. The indictment in its original form, however, specifies numerous articles of personal property of designated values and mentions or describes them as the property of a person named Sam Brown; and the indictment, as amended, likewise specifies numerous similar articles of personal property of designated values but mentions or describes them as the property of a person named George L. Brown instead of another person named Sam Brown.

Section 10, Article 2, Chapter 62, Code, 1931, dealing with numerous specified omissions or misstatements in an indictment and permitting the amendment of an indictment in case of any misnomer of the accused provides in part that "No indictment or other accusation shall be quashed or deemed invalid for omitting to set forth that it is upon the oaths of the jurors, * * *; or for the omission or insertion of any other words of mere form or surplusage. Nor shall it be abated for any misnomer of the accused; but the court may, in case of misnomer appearing before or in the course of a trial, forthwith cause the indictment or accusation to be amended according to the fact."

The State advances the argument that under the foregoing statute the designation in the indictment in this case of the name of Sam Brown as the owner of the stolen property constitutes mere form or surplusage. It contends that an allegation containing the name of the owner of the stolen property is not an element of the statutory offense charged in the indictment, is immaterial matter, and need not be alleged or proved in the prosecution of the offense. On the contrary the defendant insists that the statement of the name of the owner of the stolen propery in the indictment in its original form is a material part of the description of the stolen property; that the insertion by the amendment in the indictment of the name of another person as the owner of the stolen property, being also a material part of its description, charged the defendant with the offense of receiving similar but different stolen goods owned by a person other than the person named as the owner in the indictment in its original form; and that the indictment, in its amended form, charged a separate and distinct offense from that charged in the indictment returned by the grand jury.

Surplusage in an indictment is difficult to define or determine in any particular instance. Immaterial, unnecessary and harmless averments, which might be omitted without affecting the charge in an indictment against the accused and which need not be proved, may be proper-

ly considered and rejected as surplusage. 42 C. J. S., Indictments and Informations, Section 250. See also *State* v. *Massie,* 72 W. Va. 444, 78 S. E. 382, 47 L.R.A., N. S., 679. Though immaterial averments may be disregarded, an averment which is descriptive of the identity of that which is legally essential to the charge in an indictment or which operates by way of description or limitation of that which is material can not be treated or rejected as surplusage. *State* v. *Massie,* 72 W. Va. 444, 78 S. E. 382, 47 L.R.A., N.S., 679; 9 Michie's Jurisprudence, Indictments, Informations and Presentments, Section 36.

In *State* v. *Massie,* 72 W. Va. 444, 78 S. E. 382, 47 L.R.A., N.S., 679, an indictment for the offense of obstructing a public road containing an unnecessarily particular description of the road mentioned in the indictment, which disclosed that the road was a private road, was held by this Court to be invalid by reason of the unnecessary description of the road contained in the indictment. In the opinion, in discussing the matter of surplusage in an indictment, this Court, referring to numerous court decisions and text book authorities, used this language:

"But what words or matter of an indictment may be properly treated as surplusage? * * *. Joyce on Indict., section 263, says: 'It is a general rule that an indictment will not be vitiated by matter which is *mere* surplusage and that such matter need not be proved.' But in section 267 he says: 'The principle of law which permits unnecessary and harmless allegations in an indictment to be disregarded as surplusage, does not authorize the court to garble the indictment, regardless of its general tenor and scope, so as to entirely change the meaning. And while immaterial averments may be rejected, there cannot be a rejection as surplusage of an averment which is descriptive of the identity of that which is legally essential to the claim or charge and this includes those allegations which operate by way of description or limitation on that which is material.' See, also, same book, section 421. Mr. Bishop, 2 Bishop's New Cr. Pro., section 482, says: 'Unnecessary matter, of a sort or so averred as to negative

the offense meant, or otherwise to show the prosecution not maintainable, cannot be rejected as surplusage.' In 6 Com. Dig. (Ed. 1825), chapter 29, page 61, it is said: 'Surplusage does not hurt.' 'Yet, if a man, by the allegation of a thing not necessary, shows that he had no cause of action, this, though surplusage, shall hurt; * * * *.' In *Com.* v. *Atwood,* 11 Mass. 92, we find this: 'We cannot reject as surplusage, what may have been the ground of the conviction.' In *State* v. *Copp,* 15 N. H. 212, it is held, that a descriptive averment must be laid as proved, and as applying to the case then before the court, it is said: 'In an indictment for resisting a deputy sheriff in the discharge of his duty, an averment that the sheriff was "legally appointed and duly qualified", is descriptive, and must be proved.' Again in *State* v. *Canney,* 19 Id. 135, the indictment alleged that the prisoner 'broke and entered the store of one Merrill' and certain goods 'in the shop aforesaid, then and there being, then and there in the shop aforesaid, feloniously did steal, take and carry away.' It was held that the words 'store' and 'shop,' as in section 9 of chapter 215, Revised Statutes, were not synonymous, that the word 'shop' being descriptive of the place where the larceny was committed, could not be rejected as surplusage, and that the demurrer was well taken. In *Lewis* v. *State,* 113 Ind. 59, the indictment was under section 1750, R. S. 1881, for the larceny of money. The court held, that in such an indictment it was only necessary to describe the money stolen simply as money, but that if a particular description was given, it must be proved substantially as charged, or a verdict of conviction could not be sustained. In *Fulford* v. *Georgia,* 50 Ga. 593, the court considered the question, 'when do averments which might have been omitted become material—or, at least, so enter into the indictment as framed that they cannot be stricken or rejected as surplusage?' The court answered the question in part, as follows: 'Starkie on Evidence, volume 3, page 1539, says it is a most general rule that no allegation *which is descriptive of the identity of that which is legally essential to the claim or charge,* can ever be rejected; and

on page 1542, same volumes, makes it more specific by restating the rule thus: "The position that descriptive averments cannot be rejected, extends to all allegations which *operate by way of description or limitation* of that which is material." Bishop says: "If the indictment sets out the offense *as done in a particular way,* the proof must show it so, or there will be a variance. And where there is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other:" 1 Bishop's C. P., secs. 234, 235. If the prosecutor state the offense with unnecessary particularity, he will be bound by that statement, and must prove it as laid: *United States* v. *Brown,* 3 McLean R. 233; *Rex* v. *Dawlin,* 5 T. R. 311.' The principles of these authorities are covered in the text in 22 Cyc. 370, with citation of other decisions in note."

The statement in the indictment in its original form of the name of the owner of the stolen property, though an unnecessary particularity, is a part of the description of the property alleged to have been stolen and the insertion, by the amendment, of the name of a different person as the owner of the designated stolen property is likewise a part of its description. The effect of the amendment is to charge the defendant with receiving specified articles of stolen property owned by George L. Brown which are similar to but are separate and distinct from the specified articles of stolen property described in the indictment in its original form as the property of Sam Brown, a different owner. Though it was not necessary to name the owner of the stolen property the designation of the owner in the indictment in its original form and in the indictment as amended is in each instance a descriptive averment and constitutes a matter of substance which can not be considered or rejected as surplusage. *Mitchell* v. *Commonwealth,* 141 Va. 541, 127 S. E. 368. A descriptive averment in an indictment, although made unnecessarily, is matter of substance and may not be amended. 42 C.J.S., Indict-

ments and Informations, Section 240. It has been said that a descriptive averment in an indictment for an offense is an averment which describes, defines, qualifies, or limits a matter which is material and which must be charged and proved as charged. *State* v. *Langley*, 34 N. H. 529; *Warrington* v. *State*, 1 Tex. App. 168. An amendment may not change the nature or the identity of the offense. 42 C.J.S., Indictments and Informations, Section 240. An amendment to an indictment which in effect changes the nature or the grade of the offense charged constitutes matter of substance and can not be made or ordered by the court. 27 Am. Jur., Indictments and Informations, Section 117.

In *Hill* v. *State*, 185 Ark. 379, 47 S. W. 2d 31, it was held that the designation of the car number in an indictment for burglary charging the defendant with breaking and entering a box car, although unnecessary, was descriptive of the offense and could not be changed by amendment of the indictment. In *Youngblood* v. *State*, 40 Ga. App. 514, 150 S. E. 457, the court held that the word "Frisco," in an indictment charging the accused with breaking into a freight car, designated "Frisco No. 130476," was a descriptive averment which must be proved and could not be considered as surplusage. When an allegation is descriptive of the identity of that which is essential to the charge in the indictment, whether it be necessary or unnecessary or more or less particular, it can not be rejected as surplusage and must be proved. 42 C.J.S., Indictments and Informations, Section 250; *Mitchell* v. *Commonwealth*, 141 Va. 541, 127 S. E. 368.

One of the tests prescribed to determine whether a change in an indictment by amendment is one of substance or one of mere form or surplusage is whether a judgment of conviction or acquittal on the indictment in its original form would be a bar to a prosecution on a new indictment which conforms to the original indictment after its amendment. 27 Am. Jur., Indictments and Informations, Section 117; *Commonwealth* v. *Snow*, 269 Mass. 598, 169 N. E. 542, 68 A.L.R. 920. It is clear that if the defendant had been

convicted or acquitted of the offense charged in the indictment in its original form of receiving specified articles of stolen property owned by Sam Brown he could not plead such conviction or acquittal as a bar to prosecution on another indictment which charged him with having received similar articles of stolen property owned by George L. Brown, a different person. As the indictment as amended charges a separate and distinct offense from that charged in the indictment in its original form the amendment was unauthorized and should not have been permitted.

Though there is conflict in the decisions concerning the legal effect of an unauthorized amendment of an indictment, the rule supported by the weight of authority is that an unauthorized amendment of an indictment invalidates the indictment, whether the amendment relates to matters of form or surplusage or matters of substance, and deprives the court of the power to proceed under the amended indictment. 27 Am. Jur., Indictments and Informations, Section 120. An amendment of an indictment which substitutes the name of a person other than the one named in the original indictment as the injured person and constitutes a change of identity of the injured person, is an amendment in substance and may not be made or permitted by the courts. 27 Am. Jur., Indictments and Informations, Section 117. An amendment of an indictment which charges a separate and distinct offense from that charged in the indictment in its original form may not be made or permitted by a court; and such amendment, whether it relates to matters of form or matters of surplusage, invalidates the indictment and deprives the court of the power to proceed under the amended indictment. See *State* v. *Cohen*, 105 N. J. Law 529, 147 A. 325.

Under the common law a court was without power or authority to make, order or permit any amendment of an indictment, 27 Am. Jur., Indictments and Informations, Section 116; Annotation I, 7 A.L.R. 1516; and the power of the courts to amend indictments in matters of form is generally based on statute. *Dodge* v. *United States*, 2 Cir.,

258 F. 300, 169 C. C. A. 316, 7 A.L.R. 1510; Annotation I, 7 A.L.R. 1517. The general rule is that under a statute which authorizes the amendment of an indictment the defense of the accused must not be prejudiced by the amendment and that constitutional provisions concerning the grand jury must be considered in determining the propriety of any particular amendment. 27 Am. Jur., Indictments and Informations, Section 116. Article III, Section 4, of the Constitution of West Virginia, provides in part that no person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury. Under this constitutional provision a valid indictment or presentment can be made only by a grand jury; and no court can make an indictment in the first instance or alter or amend the substance of an indictment returned by a grand jury. See *State* v. *Cohen,* 105 N. J. Law 529, 147 A. 325. Article III, Section 14, of the Constitution of this State, also declares that in all trials of crimes and misdemeanors the accused shall be fully and plainly informed of the character and the cause of the accusation. In *Scott* v. *Harshbarger,* 116 W. Va. 300, 180 S. E. 187, referring to these constitutional requirements, this Court said: "These two provisions make it perfectly plain that a valid presentment or indictment of a grand jury is, in this State, a condition precedent to a conviction for a felony, and that such indictment or presentment must 'fully and plainly' inform of the character and cause of the accusation."

As already pointed out, the last sentence of Section 10, Article 2, Chapter 62, Code, 1931, provides that no indictment shall be abated for any misnomer of the accused but that the court may, in case such misnomer appears, cause the indictment to be amended according to the fact. Under this statute this Court in *State* v. *Strayer,* 58 W. Va. 676, 52 S. E. 862, held proper an amendment of an indictment for murder which substituted the correct name of the defendant, Ben Strayer, in lieu of his incorrect name of Ben Thrayer in the indictment in its original form. See also *People* v. *Cook,* 197 App. Div. 155, 188 N. Y. Supp. 291,

affirmed, 236 N. Y. 505, 142 N. E. 260; *Kitchen* v. *Common-wealth,* 132 Va. 700, 111 S. E. 111; Annotation IIb, 68 A.L.R. 929. The foregoing statutory provision specifies only the amendment by the court of any misnomer of the accused and it authorizes only that type of amendment of an indictment. In dealing with this provision the doctrine that the express mention of one thing implies the exclusion of another, embodied in the phrase *expressio unius est exclusio alterius,* should be applied. Section 10, Article 2, Chapter 62, Code, 1931, makes no provision for and has no application to an amendment which changes the name of the owner of the stolen property in an indictment for the offense of receiving stolen property and does not authorize a court to make or permit an amendment of that character.

The action of the Circuit Court of Fayette County in permitting the amendment to the indictment constituted reversible error, rendered the indictment invalid, and deprived that court of the power to try the accused on the indictment as amended. For these reasons it is unnecessary to consider or determine the question raised by the assignment of error relating to the refusal of the court to grant the motion of the defendant for a continuance of the trial of the case.

The judgment of the Circuit Court of Fayette County is reversed; the verdict of the jury is set aside; and this case is remanded to that court with directions to dismiss the present indictment and discharge the defendant from further prosecution on that indictment.

> *Judgment reversed;*
> *verdict set aside;*
> *case remanded with directions.*