309 S.E.2d 101

**STATE of West Virginia**

v.

**Fred WATTS.**

**No. 15840.**

Supreme Court of Appeals of West Virginia.

Nov. 14, 1983.

Mark Wm. McOwen, Huntington, for appellant.

Chauncey H. Browning, Atty. Gen. and Michael E. Froble, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

Following a jury trial in the Circuit Court of Cabell County, Fred Watts was convicted of grand larceny by receiving or aiding in the concealment of stolen goods in violation of *W. Va. Code*, 61–3–18. Watts, in appealing his conviction, argues two principal points of error: (1) that the trial court erred in denying his motion for a judgment of acquittal because his guilt was not proven beyond a reasonable doubt; and (2) that the trial court committed reversible error by giving an instruction that permitted a jury verdict of receiving or aiding in the concealment of stolen goods upon a grand larceny indictment. Finding that the evidence will not support the verdict, we reverse and vacate the judgment of the circuit court and remand for the entry of a judgment of acquittal pursuant to Rule 29 of the Rules of Criminal Procedure. Consequently, we do not reach the indictment issue.

I

We recently reiterated what the state must prove to convict a person for the crime of buying or receiving or aiding in concealing stolen goods. Syllabus point

6 of *State v. Hall*, 171 W.Va. 212, 298 S.E.2d 246 (1982) states [*]:

"The essential elements of the offense created by [*W.Va.Code*, 61–3–18 [1931]] are: (1) The property must have been previously stolen by some person other than the defendant; (2) the accused must have bought or received the property from another person or must have aided in concealing it; (3) he must have known, or had reason to believe, when he bought or received or aided in concealing the property, that it had been stolen; and (4) he must have bought or received or aided in concealing the property with a dishonest purpose." *State v. McGraw*, 140 W.Va. 547, 550, 85 S.E.2d 849, 852 (1955).

■■■ The dispositive issue in this case is whether the state's evidence is sufficient to convict. In *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978), we discussed at some length the standard of review applicable to claims of insufficiency of the evidence. In the first syllabus, we held:

"In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

■■■ Additionally, when circumstantial evidence is relied on, such evidence must be sufficient to exclude every reasonable hypothesis of innocence. In the second syllabus of *State v. Dobbs*, 163 W.Va. 630, 259 S.E.2d 829 (1979), we stated:

"Circumstantial evidence will not support a guilty verdict, unless the fact of guilt is proved to the exclusion of every reasonable hypothesis of innocence; and circumstances which create only a suspicion of guilt but do not prove the actual commission of the crime charged, are not sufficient to sustain a conviction."

*See also*, Syl. pt. 1, *State v. Craft*, 165 W.Va. 741, 272 S.E.2d 46 (1980); Syl. pt. 2, *State v. Hunter*, 103 W.Va. 377, 137 S.E. 534 (1927).

## II

The evidence introduced at trial when viewed in the light most favorable to the prosecution indicates that on January 28, 1980, fourteen locomotive radiators worth several thousand dollars were stolen by one or more persons from the Chesapeake & Ohio Railway Company's property in Cabell County, West Virginia. These radiators, weighing as much as one hundred and five pounds each, were taken to a junk yard located on Lawson Avenue in Huntington. Based on a tip, Detective Morrison of the Huntington Police Department drove to the junk yard the next morning and observed the radiators, noting a copper plate on one of them bearing the word "railroad". Morrison returned to his office and telephoned a C & O Railway detective, and the two of them agreed to meet at the twenty-one hundred block of Eighth Avenue and then go to the junk yard.

Just as Morrison and the railway detective met, they observed a Ford van with a flat left front tire traveling at a high rate of speed considering the circumstances. Morrison decided to follow the van and the railway detective followed in his car. When the van stopped, both Morrison and the detective approached the vehicle. The driver of the van, Michael Christian, was issued a citation for driving without an operator's license. Watts and his six or seven-year-old son were passengers in the van. Watts was arrested for public intoxication. The radiators were in plain view in the van.

[*] *W.Va.Code*, 61–3–18 provides, without judicial gloss:

"If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted although the principal offender be not convicted."

At trial Morrison testified that the Ford van had a temporary license plate. The only other evidence introduced to support the conviction was hearsay. Counsel objected to the hearsay but his objection was denied. "We have generally defined hearsay as where a witness testifies in court with regard to out-of-court statements of another for the purpose of proving the truth of the matter asserted." Syl pt. 9, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982). Morrison stated that a check with the Department of Motor Vehicles revealed that the temporary tag had expired and had been issued to Dick's Auto Sales in Huntington. He said that he learned from Dick's Auto Sales that the temporary tags had been issued or assigned to Sara Watts and that he had determined she was the wife of the defendant.

The more damaging hearsay evidence was elicited on cross-examination when Morrison was asked whether it was possible that Watts had only been in the van for a minute before he had seen him. Morrison responded that such was not possible because he had received a phone call from some person at the junk yard saying that some people were loading the radiators into a blue Ford van with a temporary plate, and that one of those persons was Watts.

Being surprised the defense moved to strike the testimony or have the jury instructed to disregard it and, in the alternative, moved for a mistrial. The court overruled the motion and instructed the jury that they were to consider the testimony only for the fact that the officer received a telephone call and not for the truthfulness of the statements made in the telephone call. Although Watts argues that he was prejudiced by the admission of this testimony, his contention on appeal is the state did not prove its case.

This was the extent of the state's evidence. Watts was a passenger in a van in which recently stolen radiators were being transported. There is no evidence that Watts bought or received the property from another person. *See, State v. Fowler*, 117 W.Va. 761, 188 S.E. 137 (1936). The state did not prove that he owned the van, or that he helped load the radiators in the van. The state did not call as a witness the driver of the van. If the state had a witness who could testify that Watts assisted the driver in loading the radiators into the van, the state should have produced such witness. In any event, it is not our function to try cases.

Even considering the improperly admitted hearsay evidence about the temporary tags, the evidence is insufficient. The state did not present "substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt", *State v. DeMastus*, 165 W.Va. 572, 270 S.E.2d 649, 657 (1980), of aiding in the concealment of stolen goods, knowing or having reason to believe such goods were stolen. His presence in the van is not sufficient, standing alone, to show dominion, control, or possession of the property or to prove his guilty knowledge.

Regardless of whatever crime, if any, Watts committed, the state did not prove him guilty of the crime for which he now stands convicted. Suspicion is not enough. Under the law we cannot assent to his conviction.

For the foregoing reasons, the judgment of the Circuit Court of Cabell County is vacated and the case is remanded for the entry of a judgment of acquittal as required by Rule 29 of the Rules of Criminal Procedure.

Reversed and remanded with directions.