358 S.E.2d 231

**STATE of West Virginia**

v.

**David PRUITT.**

No. 16730.

Supreme Court of Appeals of West Virginia.

June 3, 1987.

---

Mary Beth Kershner, Asst. Atty. Gen., for appellant.

Travers R. Harrington, Jr., Fayetteville, for appellee.

PER CURIAM:

David Pruitt was convicted in the Circuit Court of Fayette County of obtaining property in return for a worthless check in violation of *W.Va. Code*, 61-3-39 [1977]. The indictment in its original form alleged that Mr. Pruitt had written a check to Bandy's, Inc., in the amount of $1169.00, drawn on the Bank of Raleigh of Beckley, "when he the said David Pruitt knowingly did not have sufficient funds on deposit in or credit with the said Bank of Raleigh." The subject check was drawn on the account of Cash Sales, Inc. At the conclusion of the evidence, it became clear to the prosecution that it would be unable to prove the charge alleged in the indictment, specifically the allegation that David Pruitt *individually* did not have sufficient funds on deposit at the Bank of Raleigh to cover the check at the time he wrote it. Because the evidence did show that Cash Sales, Inc. did not have sufficient funds to cover the check at the time Mr. Pruitt wrote the check, the prosecutor made a motion in chambers to amend the indictment. His motion was granted by the trial judge, and as amended the indictment alleged that Mr. Pruitt had delivered the subject check to Bandy's, Inc. "when he, the said David Pruitt individually and as agent for Cash Sales, Inc., a corporation, knew that he and said corporation did not have sufficient funds on deposit in or credit with the said Bank of Raleigh."

On appeal, Mr. Pruitt contends that the trial judge erred in permitting the prosecution to amend the indictment at the close of the evidence. We agree, and we therefore reverse.

■ In Syllabus Point 2 of *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955) we held that:

When an allegation is descriptive of the identity of that which is essential to the charge in the indictment, whether it be necessary or unnecessary or more or less particular, it cannot be rejected as surplusage and must be proved.

In *McGraw*, the defendant was charged with receiving stolen property. The indictment identified the owner of the stolen property to be Sam Brown. However, on the day of trial, the prosecutor moved the court for permission to amend the indictment by changing the name of Sam Brown to the name of George L. Brown. The court granted the motion over defense's objection, and the defendant was tried and found guilty. On appeal, this Court reversed the conviction, finding that the trial court had erred in permitting the prosecution to amend the indictment. We noted that, although an indictment for receiving stolen property need not name the true owner of the stolen property in order to be valid, the descriptive averment of ownership, although made unnecessarily, was a matter of substance and therefore could not be amended.

■ *W. Va. Code* 61–3–39 [1977] provides in pertinent part:

It shall be unlawful for any person, firm or corporation to obtain any money, services, goods or other property or thing of value by means of a check, draft or order for the payment of money or its equivalent upon any bank or other depository, knowing at the time of the making, drawing, issuing, uttering or delivering of such check, draft or order that there are not sufficient funds on deposit in or credit with such bank or other depository with which to pay the same upon presentation.

It is apparent from the language of the statute that it was not necessary that the indictment identify with specificity the entity in whose name the account was held. Nevertheless, because the indictment identified David Pruitt individually as the holder of the account, the prosecution was required to prove that David Pruitt individually did not have sufficient funds on deposit with the Bank of Raleigh to cover the subject check at the time he wrote it. The prosecution was unable to prove this element of the indictment in its case in chief, and therefore sought to amend the indictment so that the evidence presented would support a conviction.

■ In *McGraw, supra*, we noted that, with the exception of instances involving misnomer of the accused:

A valid indictment or presentment can be made only by a grand jury; and no court can make an indictment in the first instance or alter or amend the substance of an indictment returned by a grand jury.

140 W.Va. 547, 85 S.E.2d 849 (1955) at Syllabus Point 5. In *McGraw*, we held that the amendment of the indictment had invalidated the indictment, and had deprived the court of the power to proceed under the amended indictment. Following *McGraw*, we hold today that the action of the Circuit Court of Fayette County in permitting the amendment to the indictment constituted reversible error, rendered the indictment invalid, and deprived that court of the power to try the accused on the indictment as amended.

The judgment of the Circuit Court of Fayette County is therefore reversed; the verdict of the jury is set aside; and this case is remanded to that court with directions to dismiss the present indictment and discharge the defendant from further prosecution on that indictment.

Judgment reversed; verdict set aside; case remanded with directions.