480 S.E.2d 525

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**John William CASTO, Defendant Below, Appellant.**

No. 23285.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1996.

Decided Nov. 18, 1996.

Douglas H. Arbuckle, Lewisburg, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Victor S. Woods, Assistant Attorney General, Charleston, for Appellee.

## PER CURIAM.

This case is before this Court[1] upon an appeal from the final order of the Circuit Court of Pocahontas County, West Virginia, entered on May 22, 1995. The appellant, John William Casto, was convicted by a jury of the felony offense of grand larceny. Pursuant to the final order, the appellant was sentenced to an indeterminate term in the penitentiary of not less than one nor more than ten years.[2]

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. The appellant contends that the circuit court committed error in giving State's Amended Instruction No. 1 to the jury, which included the offense of receiving stolen property within the definition of grand larceny. For the reasons stated below, this Court agrees that the giving of that instruction was error. Accordingly, we reverse the final order and remand this case to the circuit court for a new trial.

### I

In February 1994, the apartment of Harvey E. Galford in Marlinton, Pocahontas County, West Virginia, was burglarized while Mr. Galford was vacationing in the State of Alabama. A total of $10,000 to $12,000 in property was stolen from the apartment, and the items taken included antique weapons, a coin collection, pieces of jewelry, cash and several checks. The appellant, a resident of an apartment adjoining Mr. Galford's apartment, was implicated in the crime when he was later seen attempting to negotiate the missing checks and when some of the missing items were discovered in the home of the appellant's father, who notified the police.

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

2. It should be noted that the Honorable Patrick Casey, Senior Status Judge, was assigned to the Circuit Court of Pocahontas County to preside in this case, the Honorable Charles M. Lobban having been disqualified.

The appellant was indicted by a Pocahontas County Grand Jury in June 1994. Count 1 of the indictment charged the appellant with the burglary of Mr. Galford's apartment, W. Va.Code, 61–3–11 [1993], and count 2 of the indictment charged the appellant with grand larceny concerning the items taken. W. Va.Code, 61–3–13(a) [1977].[3] A jury trial was conducted upon the indictment in April 1995, and the State's witnesses included two police officers and Mr. Galford. The appellant did not testify or call any witnesses. At the conclusion of the trial, the jury returned a verdict of not guilty with regard to the burglary charge. The jury, however, found the appellant guilty of grand larceny.

Following a post-trial hearing conducted on May 15, 1995, the final order of May 22, 1995, was entered. Pursuant to that order the appellant's motion for a new trial was denied, and the penitentiary sentence of not less than one nor more than ten years was imposed. This appeal followed.

## II

As stated above, the appellant contends that the circuit court committed error in giving State's Amended Instruction No. 1 to the jury, which included the offense of receiving stolen property within the definition of grand larceny. The appellant objected to the instruction at trial and raised the matter again in his motion for a new trial, which was denied by the circuit court. The instruction stated:

> The Court instructs the jury that grand larceny is the larceny of goods or chattels of another of a value of $200 or greater or more with the intention to deprive the owner permanently of those goods and chattels or to receive goods and chattels or transport them or conceal them or transfer stolen property to someone else, which he knows or has reason to believe the property to have been stolen.

In particular, the appellant asserts that, because of the latter part of the instruction, it was "impossible to tell whether the jury found the [appellant] guilty of the offense of grand larceny because they believed that he took the property himself, or because they believed that he had received the goods as stolen property." In response, the State, although admitting that the instruction is unclear, asserts that the instruction did not affect the fairness of the trial, especially in view of W. Va.Code, 61–3–18 [1931], which provides:

> If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, *he shall be deemed guilty of the larceny thereof,* and may be prosecuted although the principal offender be not convicted.

(emphasis added). Specifically, the State suggests that grand larceny and receiving stolen property are related, as shown by the language of W. Va.Code, 61–3–18 [1931], and that, accordingly, State's Amended Instruction No. 1, in describing both violations of law, did not affect the appellant's right to a fair trial.

As this Court has recognized, however, larceny and receiving stolen property are separate offenses. Whereas larceny in-

**3.** As *W.Va.Code,* 61–3–13(a) [1977], provides:

> If any person commits simple larceny of goods or chattels of the value of two hundred dollars or more, such person shall be guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be confined in a penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in the county jail not more than one year and shall be fined not more than five hundred dollars.

In 1994, *W. Va.Code,* 61–3–13(a) was amended by the West Virginia Legislature. As amended, the statute now provides:

> If a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars.

The 1994 amendment was passed on March 12, 1994, and made effective ninety days thereafter. As the parties herein do not question, the grand larceny statute applicable to this case is *W. Va.Code,* 61–3–13(a) [1977].

volves the taking and carrying away of the personal property of the owner, against the owner's will, and with the intent to permanently deprive him or her thereof, syl. pt. 1, *State v. Houdeyshell,* 174 W.Va. 688, 329 S.E.2d 53 (1985), syl. pt. 3, *State v. Louk,* 169 W.Va. 24, 285 S.E.2d 432 (1981), the essential elements of an offense under *W. Va.Code,* 61–3–18 [1931], which includes receiving stolen property, are: (1) The property must have been previously stolen by some person other than the accused; (2) the accused must have bought or received the property from another person or must have aided in concealing it; (3) the accused must have known, or had reason to believe, when he or she bought or received or aided in concealing the property, that it had been stolen; and (4) the accused must have bought or received or aided in concealing the property with a dishonest purpose. *State v. McGraw,* 140 W.Va. 547, 550, 85 S.E.2d 849, 852 (1955). As the *McGraw* opinion states: "The crime of larceny and the crime of buying or receiving or aiding in concealing stolen goods . . . are separate and distinct offenses." 140 W.Va. at 551, 85 S.E.2d at 852. Moreover, as this Court subsequently observed in syllabus point 5 of *State v. Basham,* 159 W.Va. 404, 223 S.E.2d 53 (1976): "While Code, 61–3–18 provides that one who unlawfully buys or receives stolen goods shall be deemed guilty of the larceny thereof, the traditional offense of larceny and the offense created by the statute are separate and distinct offenses." *Cf. State v. West,* 157 W.Va. 209, 200 S.E.2d 859 (1973), indicating that the State may seek a conviction upon an indictment for larceny by proving that the defendant knowingly received stolen goods.

■ In this case, the indictment charged the appellant with burglary and grand larceny. It did not charge receiving stolen property. Nor did the indictment contain any language concerning *W. Va.Code,* 61–3–18 [1931]. It is obvious, therefore, that State's Amended Instruction No. 1, in referring to the separate offense of receiving stolen property, was at variance with the indictment upon which the trial was conducted. In addition, the instruction was contradictory of the following admonishment given to the jury during the State's case-in-chief:

Now, let me carefully instruct you of this: The [appellant] is not accused at this trial in the indictment of hiding stolen goods, knowing or believing that they were stolen. He's not accused of transporting stolen goods away from the owner. He's not accused of receiving stolen goods from other people, believing they were stolen. He's not indicted for that. He's indicted for the burglary and, coupled with that, the larceny during—growing out of the burglary of this property.[4]

---

4. The admonishment to the jury arose in reference to a written statement the appellant made in March 1994 indicating that another person had burglarized Mr. Galford's apartment and that the appellant had received some of the stolen property. That statement was ruled inadmissible, as the State agreed, because it was made during the course of plea discussions between the appellant and the State. As Rule 11(e)(6)(D) of the West Virginia Rules of Criminal Procedure provides:

(6) Inadmissibility of pleas, plea discussions, and related statements.—Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

. . . .

(D) Any statement made in the course of plea discussions with an attorney for the state which do not result in a plea of guilty or which result in a plea of guilty later withdrawn. However, such a statement is admissible:

(i) In any proceeding wherein another statement made in the course of the same plea discussions has been introduced and the statement ought in fairness to be considered contemporaneously with it [.]

*See also* Rule 410 of the *West Virginia Rules of Evidence* and *State v. Hanson,* 181 W.Va. 353, 360, 382 S.E.2d 547, 554 (1989).

In this case, for reasons unexplained in the record, the State obtained an arrest warrant against the appellant for receiving stolen property based upon the March 1994 statement, after the indictment of the appellant for burglary and grand larceny and after the appellant's statement had been ruled inadmissible. At trial, when the appellant raised the matter of the warrant during the cross-examination of a police officer, the circuit court allowed the State, during re-direct examination, to admit the appellant's statement, subject to the above admonition to the jury.

Although the circuit court conducted an *in camera* hearing prior to the admission of the appellant's March 1994 statement, that hearing consisted, essentially, of warning the appellant's

**320**

In *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975), a defendant charged with being an accessory before the fact to the crime of robbery offered an instruction to the trial court concerning the crime of aiding and abetting. The trial court refused the instruction. Noting that the two crimes were separate and distinct, this Court, in *Starr*, upheld the trial court and noted that the defendant had neither been charged nor tried for aiding and abetting. Syllabus point 3 of *Starr* holds: "Proffered instructions which do not correctly state the law, which are at variance with the charge in the indictment, which are not supported by the evidence, or which are abstract, are erroneous and should be refused." *See also* syl. pt. 4, *State v. Simmons*, 172 W.Va. 590, 309 S.E.2d 89 (1983).

Here, the appellant was not charged with receiving stolen property or with any other acts described in *W. Va. Code*, 61–3–18 [1931]. Moreover, the instruction in question was contradictory of the earlier admonishment given to the jury concerning the charges and, no doubt, affected the fairness of the trial. Upon all of the above, therefore, this Court is of the opinion that the circuit court committed error in giving State's Amended Instruction No. 1 to the jury. Accordingly, the conviction of the appellant of the offense of grand larceny must be set aside. The final order of the Circuit Court of Pocahontas County entered on May 22, 1995, is, thus, reversed, and this case is remanded to that court for a new trial.

Reversed and remanded.

RECHT, J., sitting by temporary assignment.

counsel that, if he raised the matter of the arrest warrant for receiving stolen property, the statement could be admitted. The record does not disclose, however, that the circuit court ever reviewed the actual contents of the appellant's statement in terms of the "fairness" of its consideration by the jury within the meaning of *W. Va.* *R.Crim. P.* 11(e)(6)(D), or its potential prejudicial impact. The statement consisted of six pages. While this Court need not dwell at length upon this issue, we conclude that, under the circumstances described herein, the admission of the appellant's March 1994 written statement, as the appellant asserts, was error.