654 S.E.2d 359

STATE of West Virginia, Plaintiff
Below, Appellee

v.

Richard Allen HAINES, Defendant
Below, Appellant.

No. 33304.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 12, 2007.

Decided Oct. 12, 2007.

Christopher A. Davis, Davis Law Offices, Clarksburg, for Appellant.

Darrell V. McGraw, Jr. Attorney General, James W. Wegman, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

Appellant Richard Allen Haines seeks a reversal of his conviction for one count of felony delivery of a Schedule II controlled substance. As grounds for his appeal, he argues that the trial court erred in amending

the indictment under which he was charged to alter the type of controlled substance at issue from one that falls within Schedule I to more accurately reflect that the substance at issue is set forth in Schedule II. Arguing that only the grand jury has the power to amend an indictment, Appellant maintains that the trial court had no authority to alter the indictment. Having fully reviewed the assignment of error presented, we determine that the trial court did not commit error and, accordingly, affirm.

## I. Factual and Procedural Background

On May 9, 2005, a Hampshire County Grand Jury returned an indictment against Appellant for delivery of methamphetamine, a Schedule I controlled substance, in violation of West Virginia Code § 60A–4–401(a)(ii) (2005). After opening statements were made in the trial of this matter, the State moved to amend the indictment[1] to reflect that methamphetamine is a Schedule II controlled substance and not a Schedule I controlled substance as alleged in the original indictment. Appellant's counsel objected to the motion, but the trial court granted the State's motion to amend the indictment.

During the instructional phase of the trial, the circuit court apprised the jury that the State was required to prove that Mr. Haines had delivered a Schedule II controlled substance to Katrina Hartman in Hampshire County, West Virginia. On October 12, 2005, the jury found Appellant guilty of committing the offense of delivery of a Schedule II controlled substance. By order entered on March 23, 2006, Appellant was sentenced to an indeterminate term of one to five years in the state penitentiary.

As grounds for this appeal, Appellant asserts that only the grand jury has the authority to amend an indictment. Consequently, he contends the trial court committed error by amending the indictment after the jury had been seated and opening statements had been given.

## II. Standard of Review

■ Because this case implicates the grand jury clause of section four of article III of the state constitution, our review of the issue raised in this case is plenary. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review."); *accord Phillip Leon M. v. Greenbrier County Bd. of Educ.*, 199 W.Va. 400, 404, 484 S.E.2d 909, 913 (1996) (observing that "interpretations of the West Virginia Constitution, along with interpretations of statutes and rules, are primarily questions of law"). In addition, we have recognized that *de novo* review is applied when the sufficiency of an indictment is raised. *See* Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

With these standards in mind, we proceed to determine whether the lower court committed an error of constitutional magnitude by amending the indictment returned by the grand jury.

## III. Discussion

■ In syllabus point one of *State v. Adams*, 193 W.Va. 277, 456 S.E.2d 4 (1995), we recognized that "[a] defendant has a right under the Grand Jury Clause of Section 4 of Article III of the West Virginia Constitution to be tried only on felony offenses for which a grand jury has returned an indictment." At issue in Adams was the previously "unbroken precedent," which held that "no court can make an indictment in the first instance or alter or amend the substance of an indictment returned by a grand jury." 193 W.Va. at 280, 456 S.E.2d at 7; Syl. Pt. 5, in part, *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955).

■ When asked to reconsider the longstanding approach of requiring that a grand jury be reconvened to approve each and every amendment to an indictment, this Court decided to modify its position by adopting the "contemporary rule." *Adams*, 193 W.Va. at 281, 456 S.E.2d at 8. Consequently, we held in syllabus point two *of Adams:*

> To the extent that *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955), stands for the proposition that "any" change to an

---

1. This motion was made out of the presence of the jury.

indictment, whether it be form or substance, requires resubmission to the grand jury for its approval, it is hereby expressly modified. An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment.

193 W.Va. at 279, 456 S.E.2d at 6.

In modernizing our approach to the amendment of indictments in *Adams*, we adopted the following standard for determining which amendments would have to be made by a grand jury versus those that could be accomplished by the trial court.

Any substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. An 'amendment of form' which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced.

193 W.Va. at 279, 456 S.E.2d at 6, syl. pt. 3.

The parties to this appeal disagree as to whether the amendment performed by the trial court was "substantial" within the meaning of our standard adopted in *Adams* or whether it was merely one of form that could properly be executed by the trial court. When we adopted the new standard in *Adams*, we designated the type of amendment that a trial court is permitted to make. Those cases which do not require resubmission to the grand jury because the change at issue properly qualifies as form in nature "occur[] when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced." 193 W.Va. at 281, 456 S.E.2d at 8.

Applying the test announced in *Adams* for determining if the amendment was merely one of form, the State argues Appellant was not misled as to the charge initially filed against him. The original indictment stated that Appellant was charged with delivery of a "controlled substance, namely methamphetamine." In addition, the original indictment placed Appellant on notice that he was charged with committing a felony offense for delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a)(ii). That statute provides that one who delivers "[a]ny other controlled substance classified in Schedule I, II or III is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than five years." W.Va. Code § 60A-4-401(a)(ii). As the State correctly notes, because the penalty for delivery of a Schedule II substance is the same as that for a Schedule I substance, Appellant was not subjected to any additional burden of proof by the amendment of the indictment. Moreover, the original indictment expressly identified the specific controlled substance with which Appellant was charged to have delivered in violation of the criminal laws of this state. The final element for consideration is whether Appellant was prejudiced by the amendment.

As we explained in *Adams*, "[p]rejudice largely means surprise, i.e., lack of adequate notice." 193 W.Va. at 282, 456 S.E.2d at 9. In this case, there is no basis for Appellant to argue that he was surprised by the charges brought against him. Moreover, the record amply demonstrates that Appellant's counsel was fully aware of the misclassification of methamphetamine as a Schedule I substance before the State moved to have the indictment amended.[2] Rather than surprise, the only harm that Appellant claims is that his credibility with the jury was affected. Importantly, Appellant does not argue that he was unfairly expected to defend against charges of which he was previously unaware.

Explaining its decision to permit the amendment, the trial court stated:

**2.** During the trial, the trial court indicated to Appellant's counsel: "[A]pparently this is something that you had caught sometime ago and there was never a Motion to Dismiss ... filed in regard to" the issue of the misclassification. Appellant's counsel denied he had known about it

for a lengthy period of time, stating that he discovered the error "within the last few days." The trial court noted that although Appellant's counsel knew about this issue prior to trial, no motion to dismiss the indictment was made "using this particular ground."

[T]he Court believes in making that ruling that the Defendant wasn't misled in any way. Obviously, the indictment in this case charged him with delivery of a controlled substance and it was specifically methamphetamine, and a review of the statute would indicate that it is a Schedule II as opposed to a Schedule I controlled substance as set forth in the indictment. The Court believes that that was just a clerical error and consequently . . . has no detriment to the Defendant. He is not prejudiced by that in any way because he knew exactly what he was here to defend today in this charge and there was no confusion. It was just obviously a clerical error, and it doesn't subject any additional proof on behalf of the Defendant or any additional defenses. It basically is identical to the charge that was set forth in the indictment, that being delivery of methamphetamine.

Having reviewed the record in this case, we find that the trial court properly applied our standards set forth in *Adams* in determining that Appellant was not misled; there was no additional burden of proof; and he was not prejudiced as a result of the amendment. Consequently, the amendment qualified as one of form; the amendment was not substantial and did not require resubmission to the grand jury.

In discussing the outdated approach previously taken by this Court, we noted in *Adams* how the adoption of the Criminal Rules of Procedure altered the approach taken to the amendment issue. With the adoption of the criminal rules, which as we noted post-dated the McGraw decision, there is clear authority for permitting trial courts to amend an information. Pursuant to Rule 7(e), "[t]he court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." W.Va.R.Crim. P.7(e). While this case was brought pursuant to an indictment rather than an information, we announced our position in *Adams* that "Rule 7(e), although limited to amendments of an information, can be applied to

indictments, as many courts have done." 193 W.Va. at 282, 456 S.E.2d at 9.

Clearly, the amendment performed by the trial court met the guidelines for permissible alteration as the offense remained the same that Appellant was charged to have committed. Both Schedule I and Schedule II delivery offenses are contained in West Virginia Code § 60A-4-401(a)(ii) and provide for the same penalty. And, as discussed above, the element of prejudice as a result of surprise or lack of adequate notice of the offense simply cannot be established under the facts of this case. As the State argues, the trial court met the requirements of Rule 7(e) in that it effected the amendment before the verdict was reached; no additional charges were added; and the amendment did not mislead or prejudice Appellant.

 While we do not rest our decision today on the dilatory timing of Appellant's concern with the indictment, we note that under the Rules of Criminal Procedure, Appellant was required to raise objections to the indictment before the trial began. As we held in syllabus point one of *Miller*:

> Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

197 W.Va. at 592–93, 476 S.E.2d at 539–40. Rather than moving to dismiss the indictment or to have it corrected to reflect the proper classification of the controlled substance at issue, the record reflects that Appellant's counsel decided he would argue this as error when the case was presented to the jury. The State contends that by failing to raise the issue in a timely manner, as required by Rule 12(b), Appellant waived his right to assert error in the indictment.

Just as Appellant has failed to convince this Court that the trial court was without authority to amend the indictment in this case, he similarly cannot establish that the indictment was insufficient. As we explained in syllabus point six of *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999):

An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

There can be no question that the indictment in this case met the constitutional standards of sufficiency. Appellant was fairly and fully placed on notice as to the charges levied against him and the stated charges were such that either an acquittal or conviction could be obtained for purposes of double jeopardy concerns.

Finding no error in the trial court's amendment of the indictment on the facts of this case, the decision of the Circuit Court of Hampshire County is hereby affirmed.

Affirmed.