# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0253** (Kanawha County 09-F-90)

**Michael H.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael H.[1], by counsel Matthew Brummond, appeals the Circuit Court of Kanawha County's sentencing order entered on December 10, 2009. The State of West Virginia, by counsel Michelle Duncan Bishop, has filed its response, to which the petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 5, 2009, petitioner was indicted by the Kanawha County Grand Jury on twenty-two counts[2] of sexual offenses against his niece, which allegedly occurred over a period of ten years. The indictment charged petitioner with five counts of first degree sexual abuse involving the touching of his hand to the victim's genitals, two counts of first degree sexual abuse involving the touching of the victim's hand to petitioner's sex organ, five counts of first degree sexual assault involving contact with petitioner's mouth to the victim's sex organ, and ten counts of first degree sexual assault involving penetration of the victim's sex organ by the petitioner's sex organ. Prior to trial, petitioner filed a motion to dismiss the indictment because the indictment failed to specify dates when the offenses occurred and did not distinguish one count from another. Petitioner also filed a motion for a bill of particulars seeking the dates on

---

[1] Because of the sensitive nature of the facts alleged in this case, we use the initials of the affected parties. *See State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials.  Since, in this case, the victim . . . [is] related to the appellant, we have referred to the appellant by his last name initial." (citations omitted)).

[2] The original indictment contained thirty-one counts of sexual offenses. Count twenty-three was dismissed because it did not occur within Kanawha County. Counts twenty-four through thirty-one were dismissed and involved another victim.

1

which each offense occurred, the location of each offense, who was present, and how each count was distinctive from the others. Following a jury trial, petitioner was found guilty on all twenty-two counts. Petitioner was sentenced a term of incarceration of one to five years each on counts one through seven, and fifteen to thirty years each on counts eight through twenty-two. The circuit court ordered counts one through seven and twelve through twenty-two to run concurrently with one another and counts eight through eleven to run consecutively.

Petitioner argues that he was deprived of constitutionally required notice mandated by the Due Process Clause of the United States Constitution and West Virginia Constitution because the indictment charged him with identical, undifferentiated counts with no nexus to particular acts and violated his right against double jeopardy. The State argues that petitioner's brief is predicated on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), a non-binding federal court of appeals case issuing a writ of habeas corpus, in which that court found that there was no factual differentiation between carbon copy counts in the indictment. The State notes that the indictment was based on pretrial confessions that petitioner gave to West Virginia State Trooper Divita and that the statements were played for the jury in toto. The State argues the victim's trial testimony bore out the accusations.

This Court has previously held that, "Generally, the sufficiency of an indictment is reviewed *de novo.* An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). This Court has ruled that:

> An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based. Syl. Pt. 3, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983), Syl. Pt. 1, *State v. Mullins*, 181 W.Va. 415, 383 S.E.2d 47 (1989).

Syl. Pt. 3, *Ballard v. Dilworth,* -- S.E.2d --, 2013 WL 656837 (2013) (per curiam). This Court has also stated that:

> An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W.Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy. Syl. Pt. 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999).

Syl. Pt. 5, *State v. Haines*, 221 W.Va. 235, 654 S.E.2d 359 (2007). Upon our review of the record and West Virginia law, the Court finds that the indictment was sufficient. In the instant case the indictment follows the language of the statute, identifies the victim, describes the sexual offenses, and cites the statute under which each charge was based. While petitioner did not testify, his pretrial confessions were played for the jury, in which he admitted to more sexual

offenses than were actually charged. It cannot be said that petitioner's right to double jeopardy was violated when he was convicted of fewer crimes than his own confession supported.

Petitioner also argues that it was impossible for the jury to reach a unanimous verdict because the respective counts were identically worded, no bill of particulars attempted to differentiate any of the alleged acts, the trial testimony failed to tie any particular count to a specific act, the alleged victim described typical conduct and gave an estimate as to frequency, and it was impossible for the jury to reach a unanimous verdict. The State argues the trial court instructed the jury that the State must overcome the presumption of innocence as to each count.

We have stated that:

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011). Upon our review of the record, the Court finds that the testimony and the trial court's instructions support the jury's guilty verdict on all counts and the verdict should not be disturbed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3