# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0456** (Lincoln County 10-F-39)

**Shelby S.,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shelby S., by counsel Jeffrey S. Bowen, appeals the Circuit Court of Lincoln County's April 11, 2014, order sentencing him to consecutive terms of incarceration of five to twenty-five years for his conviction of first-degree sexual abuse and ten to twenty years for his conviction of sexual abuse by a parent, guardian, or custodian.[1] The State, by counsel Zachary Aaron Viglianco, filed a response. Petitioner filed a reply and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in failing to rule on his motion to dismiss the indictment, failing to require disclosure of potentially exculpatory evidence, and cumulative error. Petitioner also alleges ineffective assistance of trial counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2010, petitioner was indicted on three counts of first-degree sexual abuse, three counts of first-degree sexual assault, and one count of sexual abuse by a parent, guardian, or custodian. According to the State, petitioner fondled his granddaughter's genitals on three separate occasions between January of 2009 and May of 2010. At the time of the incidents, the victim, M.O., was under the age of eleven. Petitioner later pled not guilty on all counts.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Petitioner's jury trial commenced in April of 2012 and proceeded over four days. Prior to trial, three counts from the indictment were dismissed. Ultimately, the jury convicted petitioner of one count of first-degree sexual abuse and one count of sexual abuse by a parent, guardian, or custodian. Petitioner was acquitted of two remaining charges. Thereafter, the circuit court sentenced petitioner to consecutive terms of incarceration of five to twenty-five years for his conviction of first-degree sexual abuse and ten to twenty years for his conviction of sexual abuse by a parent, guardian, or custodian. It is from the sentencing order that petitioner appeals.

We have previously set forth the following standard of review:

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Upon our review, we find no error in the circuit court's rulings below.

To begin, we find no error in the circuit court's denial of petitioner's motion to dismiss the indictment. We have previously held that

[t]his Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). On appeal, petitioner alleges that the circuit court failed to rule upon his motion, but the record does not support this contention. Specifically, petitioner moved to dismiss the indictment upon an allegation that it was legally deficient. According to petitioner, accusations against him did not arise until May of 2010, but the indictment in this matter claimed it issued during the January of 2010 term of court, which concluded prior to May of 2010. As such, petitioner argued below that he could not have been indicted during the January of 2010 term of court for conduct that was not known prior to May of 2010. However, the Court first notes that petitioner's motion to dismiss on these grounds was untimely.

We have previously held that

"Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without objection, the indictment should be upheld

unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted." Syl. Pt. 1, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

Syl. Pt. 6, *State v. Chic-Colbert*, 231 W.Va. 749, 749 S.E.2d 642 (2013). On appeal, petitioner alleges that he did timely raise this issue below because it was not until the third day of trial that a witness testified to these allegations coming to light in May of 2010. However, the Court notes that the indictment itself would have alerted petitioner to this issue, as the indictment clearly indicates that it was issued in the January of 2010 term of court, yet each count in the indictment states that the criminal conduct at issue took place "on or about ___ day of January, 2009 thru ___ day of May, 2010."[2] Contrary to petitioner's argument that he could not have raised this issue prior to the third day of trial when the witness testified to the date of the child's disclosure, it is clear that petitioner could have raised the issue prior to trial. As such, this Court will construe the indictment in favor of validity.

It is further important to note that petitioner's assertion that the circuit court did not rule on his motion to dismiss is unsupported by the record. To the contrary, during the discussion regarding petitioner's motion to dismiss, the circuit court specifically stated that it would investigate the matter and proceeded to obtain additional information regarding petitioner's indictment as the discussion on the record progressed. This included additional documents that indicated petitioner's indictment actually issued during the September of 2010 term of court. The circuit court also made it clear that petitioner would only be entitled to relief on a motion to dismiss if it was established that petitioner was actually indicted in the January of 2010 term of court for conduct that was alleged to have become known in May of 2010. Petitioner further agreed that if the indictment contained a clerical error regarding the term of court in which it issued, that is to say that the indictment actually issued during the September of 2010 term of court, that he would not have been prejudiced by such mistake. Specifically, counsel stated that "I don't have any argument [in support of the motion to dismiss] if it is a clerical error."

During the discussion, the circuit court obtained a copy of a document entitled "Grand Jury Panel" for the September of 2010 term of court. According to this document, petitioner was indicted during the September of 2010 term of court, therefore evidencing a clerical error in petitioner's actual indictment. The circuit court made the "Grand Jury Panel" a part of the record and found that "on September 23rd, 2010, the [c]ourt entered an order memorializing the return of the indictments and the rules governing such, and I will note that on the 20th and 21st days of September the [g]rand [j]ury met and returned true bills of indictment on all those cases listed . . ." and further that "[petitioner] is the last one listed . . . ." Upon being presented with this evidence, petitioner's counsel stated that the evidence was "good enough for me" and went on to admit that such evidence "is sufficient proof that this was a clerical mistake." As such, it is clear that the circuit court not only completed its investigation into the issue of petitioner's indictment, but that petitioner essentially withdrew his motion to dismiss upon acknowledgment that the indictment contained only a clerical error in regard to the term of court in which it issued.

---

[2]Pursuant to Rule 2.25 of the West Virginia Trial Court Rules, Lincoln County's terms of Court commence on the third Monday in January, April, and September.

Contrary to petitioner's argument that the circuit court failed to rule on the motion, it is clear that petitioner was not entitled to relief because the evidence did not show that the indictment issued in the January of 2010 term of court, to which petitioner agreed.

On appeal to this Court, petitioner attacks the validity of the grand jury panel and the circuit court's finding that he was indicted in the September of 2010 term of court. Specifically, petitioner argues that the grand jury panel lists an individual serving as grand jury foreman who is different from the individual who signed his indictment in that capacity. Petitioner argues that this conclusively establishes that he was indicted during the January of 2010 term of court. However, the Court does not agree. The circuit court's ruling on this issue was in keeping with our prior holdings, wherein we have stated that

> "[t]o the extent that *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955), stands for the proposition that 'any' change to an indictment, whether it be form or substance, requires resubmission to the grand jury for its approval, it is hereby expressly modified. An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment." Syl. Pt. 2, *State v. Adams*, 193 W.Va. 277, 456 S.E.2d 4 (1995).

Syl. Pt. 2, *State v. Haines*, 221 W.Va. 235, 654 S.E.2d 359 (2007). In this instance, the essential amendment to the indictment was solely to the form thereof, in that the circuit court recognized a clerical error regarding the term of court in which it issued. This does not amount to a substantial amendment and the same was sufficiently definite and certain, given the evidence outlined above. Moreover, petitioner admitted that he was not prejudiced by the fact that the indictment erroneously indicated that it issued in the January of 2010 term of court, and the same did not take him by surprise or deprive him of evidence that he had prior to the determination. As to petitioner's argument regarding the alleged inconsistencies between the grand jury foremen on the two documents, the Court notes that this evidence does not conclusively establish that petitioner was not indicted during the September of 2010 term of court. This is especially true in light of the fact that we are asked to compare an individual's signature from one document against the printed name of the grand jury foreman in a different document. Further, we again note that petitioner's failure to timely raise this issue forces us to construe the indictment in favor of validity. For these reasons, we find no error in this regard.

Petitioner next argues that the circuit court ordered several pieces of evidence be disclosed to petitioner, but that the State failed to produce the same, which resulted in a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). The Court, however, does not agree. Specifically, petitioner asserts that he was prejudiced by the State's failure to provide him with grand jury transcripts, the victim's medical records, a copy of the victim's recorded interview, and a full copy of his police report, including the results of his polygraph test. In regard to petitioner's argument concerning the victim's recorded interview, we note that he was provided a copy. However, it is important to note that the recording lacked audio. On appeal, petitioner argues that he should have been provided a copy with audio, but the Court finds that no such evidence existed. The record clearly establishes that, due to a technical malfunction, no audio

4

from the victim's interview was recorded. As such, the State was not required to produce something that it did not possess.

As to the remaining items petitioner argues were improperly withheld, we note that

[w]hen a trial court grants a pre-trial discovery motion requiring the prosecution to disclose evidence in its possession, non-disclosure by the prosecution is fatal to its case where such non-disclosure is prejudicial. The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case.

Syl. Pt. 2, *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980). In this case, it is clear that the State's non-disclosure of the remaining items was in no way prejudicial to petitioner. First, polygraph evidence is not admissible at trial, pursuant to our prior holdings. *See* Syl. Pt. 2, *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39 (1979) ("Polygraph test results are not admissible in evidence in a criminal trial in this State."). As such, petitioner cannot argue that the polygraph results were material, as the State's failure to disclose them did not surprise him on a material issue, nor did it hamper his preparation and presentation of his case.

Second, it is clear that the victim's medical records were immaterial in regard to petitioner's defense. On appeal, petitioner alleges that he required the medical records so that he could have determined "the actual harm, if any, the medical professionals discovered." However, at trial, the State indicated to the jury that the victim's "physical exam came back normal." As such, it is clear that the records were immaterial, as they lacked any finding of physical trauma. This is especially true in light of the fact that neither West Virginia Code § 61-8B-3(a)(2), governing first-degree sexual abuse, nor West Virginia Code § 61-8D-5(a), governing sexual abuse by a parent, guardian, or custodian, require proof of harm. In his reply, petitioner additionally argues that the lack of medical records prejudiced him in that he did not have the information necessary to call certain witnesses at trial. Petitioner does not, however, explain how the lack of medical records prevented him from calling these witnesses, and the Court, therefore, finds these arguments to be without merit. Finally, the Court finds no error in the State's failure to provide petitioner with the grand jury transcripts. In his brief, petitioner fails to assert any basis for obtaining the grand jury transcripts, beyond an assertion that they would have determined whether he was entitled to have the indictment dismissed. Again, the Court notes that the motion to dismiss was not timely made and petitioner's failure to raise the issue until several days into the trial did not require the production of the grand jury transcripts, as petitioner agreed that he was not entitled to relief upon a clerical error in the indictment. Moreover, petitioner argues, with no evidence in support, that he "believes the grand jury was presented with information that was later found to be inaccurate and therefore resulted in the dismissal of the three sexual assault counts." If petitioner's argument is to be believed, then he was clearly not prejudiced by the State's failure to produce the grand jury transcripts, as he admits the counts of sexual assault against him were dismissed. For these reasons, we find no error.

Next, petitioner argues that his trial counsel was ineffective in his representation because, among other issues, counsel stated several times that he could not see because he lacked proper

eyeglasses, and further that he failed to make a reasonable investigation into exculpatory and mitigating evidence. The Court, however, declines to address this issue on appeal. We have previously held that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 13, *State v. Jessie*, 225 W.Va. 21, 689 S.E.2d 21 (2009). Based upon our review, the Court finds that the record on appeal is not fully developed on this issue. For these reasons, we decline to address this error.

Finally, petitioner argues that he is entitled to relief because of cumulative errors below. We have previously held that

> "[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syllabus point 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972).

Syl. Pt. 7, *State v. Tyler G.*, 236 W.Va. 152, 778 S.E.2d 601 (2015). As addressed above, the Court finds no error in regard to petitioner's allegations. As such, we find petitioner is not entitled to relief on his allegation of cumulative error.

Moreover, the Court notes that in support of cumulative error, petitioner argues that "the perceived errors were too voluminous to include" in his initial brief, and argues that the circuit court allowed errors during opening statements, witness testimony, and closing arguments.[3] The Court notes, however, that petitioner has failed to make specific reference to the record or provide detailed argument in support of these alleged errors. Conversely, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . .

---

[3]Petitioner's supplemental appendix also includes a document titled "Petitioner's Pro Se Errors." This document is approximately seventeen pages long and consists of numbered paragraphs setting forth additional alleged errors. However, petitioner has provided no argument in support of these alleged errors.

6

. [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, the order states that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's additional alleged errors are woefully inadequate as he fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Thus, we decline to address petitioner's additional alleged errors in support of his argument for cumulative error as they were not properly developed on appeal.

For the foregoing reasons, the circuit court's April 11, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II